**Ramon MONTIEL–BARRAZA,**
**Petitioner,**

v.

**IMMIGRATION AND**
**NATURALIZATION SERVICE,**
**Respondent.**

No. 00–70784.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 7, 2001*

Filed Jan. 16, 2002

J. Manuel Sanchez, J. Manuel Sanchez & Associates, San Ysidro, California, for the petitioner-appellant.

Cindy S. Ferrier, Office of Immigration Litigation, United States Department of Justice, Civil Division; David W. Ogden, Assistant Attorney General, United States Department of Justice; Linda S. Wendtland, Assistant Director, Washington, DC, for the respondent-appellee.

Before: BEEZER and WARDLAW, Circuit Judges, and SCHWARZER, Senior District Judge.**

PER CURIAM.

Ramon Montiel–Barraza petitions for review of an order of the Board of Immigration Appeals finding him removable as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii). Montiel–Barraza was convicted on December 4, 1998, of driving under the influence of alcohol (DUI) with multiple prior convictions, in violation of California Vehicle Code sections 23152(a) and 23175. Because petitioner had four prior DUI convictions under section 23152 within the past seven years, section 23175 elevated his conviction to a felony and enhanced his sentence. He was sentenced to sixteen months' imprisonment.

■ The Illegal Immigration Reform and Immigrant Responsibility Act of 1996,

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

Pub.L. No. 104–208, 110 Stat. 3009 (1996) limits our review of removal orders. 8 U.S.C. § 1252(a)(2)(C) ("no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section ... 1227(a)(2)(A)(iii)"). Nonetheless, we have jurisdiction to determine our jurisdiction, *Aragon–Ayon v. INS,* 206 F.3d 847, 849 (9th Cir.2000), and may review the threshold issue of whether Montiel's conviction constituted an aggravated felony. *Matsuk v. INS,* 247 F.3d 999, 1001(9th Cir.2001).

█ ˙ In *United States v. Trinidad–Aquino,* 259 F.3d 1140 (9th Cir.2001), we held that a conviction for driving under the influence of alcohol with injury to another does not constitute a crime of violence and cannot be an aggravated felony. *Id.* at 1146 ("[b]ecause California Vehicle Code section 23153 can be violated through negligence alone, a violation of that statute is not a 'crime of violence' as that term is defined at 18 U.S.C. § 16. Therefore, [Petitioner] was not previously convicted of an 'aggravated felony' as defined at 8 U.S.C. § 1101(a)(43),...."). The instant case involves a violation of section 23152 which does not require proof of injury to another. If driving under the influence with injury to another does not amount to an aggravated felony, then logically a violation of the lesser offense cannot qualify as an aggravated felony.

The government contends that the case at bench is distinguishable because petitioner was convicted under section 23175. That section, now numbered 23550, provides that a person convicted of three or more separate violations of section 23152 or 23153 within seven years is punishable by imprisonment of not less than 180 days nor more than a year. Cal. Veh.Code § 23550 (West 2001). Citing *People v. Forster,* 29 Cal.App.4th 1746, 35 Cal.

Rptr.2d 705 (1994), the government argues that "a person who has violated section 23175 is presumptively aware of the life-threatening nature of the activity and the grave risks involved. Continuing such activity despite the knowledge of such risks is indicative of a 'conspicuous indifference' or 'I don't care attitude' concerning the ultimate consequences of the activity.'" *Forster,* 29 Cal.App.4th at 1757, 35 Cal. Rptr.2d 705 (internal citations omitted).

Whatever the validity of the suggested inference, section 23175 is an enhancement statute; it does not alter the elements of the underlying offense. *See Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (concluding that a penalty provision that simply authorizes a court to increase the sentence for a recidivist does not define a separate crime). Accordingly, our analysis in *Trinidad–Aquino* applies with equal force to recidivists. *See also United States v. Portillo-Mendoza,* No. 00–10407, 273 F.3d 1224, 2001 WL 1598219(9th Cir. Dec. 17, 2001). Other circuits have reached the same conclusion. *See Dalton v. Ashcroft,* 257 F.3d 200 (2d Cir.2001) (concluding that New York enhancement statute applied to defendant due to previous drunk driving convictions did not convert drunk driving offense to a crime of violence); *Bazan–Reyes v. INS,* 256 F.3d 600, 612 (7th Cir.2001) (same); *United States v. Chapa–Garza,* 243 F.3d 921(5th Cir.2001); *but see Tapia Garcia v. INS,* 237 F.3d 1216 (10th Cir.2001).

We therefore hold that Montiel–Barraza was not convicted of a "crime of violence" and accordingly was not convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(F).

PETITION GRANTED.