**Eloy BARRERA–GUTIERREZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 01–71062.
INS No. A92–591–523.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002.*

Decided March 22, 2002.

Before CANBY, BEEZER, and PAEZ, Circuit Judges.

MEMORANDUM**

Eloy Barrera–Gutierrez, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals' ("BIA") order finding him removable as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii). We have jurisdiction to determine whether the petitioner is removable because he was convicted of an aggravated felony. *Matsuk v. INS,* 247 F.3d 999, 1000–02 (9th Cir.2001). We review de novo legal questions under the Immigration and Nationality Act. *Hartooni v. INS,* 21 F.3d 336, 340 (9th Cir.1994). We grant the petition.

On May 28, 1993, the petitioner was convicted of driving under the influence of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

alcohol with prior multiple convictions in violation of California Vehicle Code §§ 23152(a) and 23175. A violation of sections 23152(a) and 23175 is not a "crime of violence" as defined by 18 U.S.C. § 16. *Montiel–Barraza v. INS*, 275 F.3d 1178, 1180 (9th Cir.2002) (per curiam) (applying the analysis of *United States v. Trinidad–Aquino*, 259 F.3d 1140 (9th Cir.2001), and reasoning that "if driving under the influence with injury to another does not amount to an aggravated felony, then logically a violation of the lesser offense cannot qualify as an aggravated felony"). We therefore find that the petitioner's conviction does not qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(F).

We grant the petition and remand to the BIA to find petitioner not removable.

**PETITION FOR REVIEW GRANTED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.