**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Pedro PEDROZA–BALLINA,
Defendant—Appellant.**

**No. 01–10124.**

**D.C. No. CR 99–1080 ROS.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 2002.

Decided April 23, 2002.

■

Before HUG, CUDAHY,* and TASHIMA, Circuit Judges.

### MEMORANDUM **

Pedro Pedroza–Ballina ("Pedroza") appeals his conviction and sentence for being a deported alien "found in" the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm the conviction, vacate the sentence, and remand for resentencing.

The district court did not err by declining to suppress Pedroza's inculpatory statements as involuntary based upon his claim that the waiver of his *Miranda* rights was invalid. Under the "totality of the circumstances," Pedroza's *Miranda* waiver was "voluntary, knowing, and intelligent." *See United States v. Garibay,* 143 F.3d 534, 536 (9th Cir.1998). He was ad-

---

* The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as may be provided by Ninth Cir. R. 36–3.

vised of his rights in Spanish, which is his native tongue; appeared to understand those rights; had prior experience with the criminal justice system; and signed a written waiver in Spanish attesting to the fact that he understood his rights and was willing to give up them up and answer questions without a lawyer present. *See id.* at 538. In light of the signed, written waiver and the absence of an explanation for how the agent's lack of familiarity with the Spanish term for "court of law" negatively impacted Pedroza's comprehension of the Spanish-language *Miranda* warning printed on the waiver form or caused his *Miranda* waiver to be involuntary, the agent's ignorance of the Spanish term used in the *Miranda* warning for "court of law" did not render Pedroza's waiver involuntary. *See United States v. Gonzales,* 749 F.2d 1329, 1336 (9th Cir.1984) (noting that even if an officer spoke "very poor Spanish" and appellant spoke "very poor English," a written Spanish-language waiver form "would have conveyed to appellant a sufficient understanding of his rights").

■ We also reject Pedroza's contention that the district court violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), when it relied on his prior Illinois conviction for an aggravated case of driving under the influence ("aggravated DUI conviction") in determining his sentence because that conviction was neither alleged in the indictment, admitted to by the defendant, nor proven at trial beyond a reasonable doubt. This argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and *United States v. Arellano–Rivera,* 244 F.3d 1119 (9th Cir.2001).

■ We conclude, however, that the district court erred in holding that Pedroza's aggravated DUI conviction, as a third-time offense, was a "crime of violence" under 18 U.S.C. § 16 that constituted an "aggravated felony conviction" under 8 U.S.C. § 1101(a)(43), thus warranting a 16–level enhancement under U.S.S.G. § 2L1.2 (2000). In *United States v. Trinidad–Aquino,* 259 F.3d 1140, 1146 (9th Cir.2001), we held that a conviction for a DUI "with injury to another" does not constitute a "crime of violence" and cannot therefore qualify as an aggravated felony conviction for sentencing enhancement purposes. We extended this holding in *Montiel–Barraza v. INS,* 275 F.3d 1178, 1180 (9th Cir.2002), to apply "with equal force to recidivists," like Pedroza, who were convicted under enhancement statutes that increased the penalties for DUI offenders with multiple prior convictions. Accordingly, Pedroza's aggravated DUI conviction does not constitute a crime of violence, and is not an aggravated felony warranting a 16–level sentencing enhancement. Pedroza's sentence must therefore be vacated and remanded for resentencing.

■ Finally, we lack jurisdiction to review the district court's discretionary decision not to depart downward for Pedroza's agreement to deportation and fast-track sentencing. The district court clearly recognized its authority to grant such a departure and properly considered the facts and circumstances of the case. *See United States v. Lipman,* 133 F.3d 726, 731–32 (9th Cir.1998).

The conviction is AFFIRMED, and the sentence is VACATED and REMANDED for resentencing.