Roberto CUEVAS–DIAZ, Petitioner—Appellant,

v.

John ASHCROFT,* Attorney General, Respondent—Appellee.

No. 00–56570.

D.C. No. CV–00–1148 JM (JAH).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2002.

Decided June 19, 2002.

---

* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the United States. Fed. R.App. P. 43(c)(2).

Before WARDLAW and W. FLETCHER, Circuit Judges, and WHYTE,** District Judge.

MEMORANDUM ***

Roberto Cuevas–Diaz appeals the district court's dismissal of his petition for a writ of habeas corpus. He disputes the district court's finding that his removal to Mexico by the INS rendered his habeas corpus petition moot. He additionally seeks review of the Board of Immigration Appeals's decision that conviction for violating California Vehicle Code § 23152(a) (driving under the influence) ("DUI") with priors constitutes an aggravated felony. We find merit in Cuevas–Diaz's contentions and reverse.

Cuevas–Diaz, a native and citizen of Mexico and a permanent resident alien of the United States, was convicted for violating California Vehicle Code § 23152(a) and (b) on January 23, 1996. At the time of his conviction, he had two prior DUI convictions. On July 24, 1998, he was convicted for violating California Penal Code § 12020(a) (possession, manufacture, or sale of a dangerous weapon) and § 12021(a)(1) (felon in possession of a firearm).

As a result of these convictions, the INS commenced removal proceedings against Cuevas–Diaz on March 15, 1999. Removability was independently based on 8 U.S.C. § 1227(a)(2)(A)(iii) (alien convicted of an aggravated felony, i.e., Cuevas–Diaz's DUI conviction with priors) and 8 U.S.C. § 1227(a)(2)(C) (alien convicted of a firearms offense). On July 12, 1999, Cuevas–Diaz filed an application for cancellation of removal pursuant to 8 U.S.C. § 1229b(a).

The Immigration Judge ("IJ") found that Cuevas–Diaz's DUI and firearms convictions were aggravated felonies, each of which independently rendered him ineligible for cancellation of removal. Additionally, the IJ ordered Cuevas–Diaz removed to Mexico based on the firearms offense but expressly declined to decide whether he was removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for his DUI conviction.

Cuevas–Diaz unsuccessfully appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which ordered him removed to Mexico. The BIA found that Cuevas–Diaz's DUI conviction with priors was an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(F), which rendered him both removable and ineligible for cancellation of removal. Although the BIA found that the firearms conviction rendered Cuevas–Diaz removable, it never found that it rendered him ineligible for cancellation of removal.

On January 13, 2000, Cuevas–Diaz filed a petition for review of the BIA's decision with this court challenging the BIA's finding that a DUI conviction is an aggravated felony. The INS moved to dismiss the petition for lack of subject matter jurisdiction under 8 U.S.C. § 1252(a)(2)(C), which precludes judicial review of removal orders based on convictions for certain crimes, including aggravated felonies and firearms offenses. The INS also argued that because Cuevas–Diaz's DUI conviction and firearms offense provide independent grounds for removability, Cuevas–Diaz still would be removable for his firearms offense even if a DUI conviction were not an aggravated felony. Cuevas–Diaz argued that even if he were removable for his firearms offense, the Ninth Circuit still

** The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

should adjudicate whether the DUI conviction was an aggravated felony, because the consequences of removal for an aggravated felony are more severe than the consequences for removal for a firearms offense.

On May 31, 2000, we issued an order dismissing the petition for review as follows:

> Respondent's motion to dismiss the petition for review for lack of jurisdiction is granted. *See* 8 U.S.C. § 1252(a)(2)(C); *Aragon–Ayon v. INS,* 206 F.3d 847, 849–50 (9th Cir.2000). The motion for a stay is denied as moot. All pending motions are denied as moot. The petition for review is DISMISSED.

On June 7, 2000, Cuevas–Diaz filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the Southern District of California, together with an ex parte application for a TRO and preliminary injunction. In his habeas petition, Cuevas–Diaz argued only that the BIA erred in finding that a DUI conviction is an aggravated felony, rendering him ineligible for cancellation of removal. Before the district court acted on Cuevas–Diaz's TRO application, however, the INS, on June 13, 2000, removed Cuevas–Diaz to Mexico. Without further briefing from either party, the district court issued an order on June 30, 2000 dismissing the habeas corpus petition as moot because of Cuevas–Diaz's intervening deportation and for lack of jurisdiction under 8 U.S.C. § 1252(a)(2)(C).

We review *de novo* the district court's dismissal of Cuevas–Diaz's habeas corpus petition on the ground of mootness. *See Ruiz v. City of Santa Maria,* 160 F.3d 543, 548 (9th Cir.1998). We also review *de novo* the district court's determination that it lacked subject matter jurisdiction under 8 U.S.C. § 1252(a)(2)(C). *See Ahmed v. Washington,* 276 F.3d 464, 467 (9th Cir. 2001).

## I. Mootness

Cuevas–Diaz first argues that his pending district court habeas corpus petition was not rendered moot by his removal to Mexico. We agree.

First, as we previously held in *Tyars v. Finner,* 709 F.2d 1274 (9th Cir.1983), "if the petitioner is in custody when his petition is filed, his subsequent release from custody does not itself deprive the federal habeas court of its statutory jurisdiction." *Id.* at 1279; *see also Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); *Carafas v. LaVallee,* 391 U.S. 234, 238–39, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). Here, Cuevas–Diaz's habeas petition was filed while he was in the INS's physical custody before he was removed, thus satisfying the "in custody" requirement.

Second, the Article III case or controversy requirement is satisfied because Cuevas–Diaz continues to suffer collateral consequences of his removal. *See Spencer,* 523 U.S. at 7–8, 118 S.Ct. 978; *Carafas,* 391 U.S. at 239, 88 S.Ct. 1556. The BIA's determination that a DUI conviction is an aggravated felony precludes Cuevas–Diaz from reentering the United States for twenty years and renders him ineligible to seek cancellation of removal. *See* 8 U.S.C. §§ 1182(a)(9)(A)(ii), 1229b(a)(3). These collateral consequences of his removal are sufficient to satisfy the Article III case or controversy requirement. Accordingly, we find that Cuevas–Diaz's district court habeas petition was not rendered moot by his removal to Mexico.

## II. Subject Matter Jurisdiction

Additionally, the district court independently dismissed Cuevas–Diaz's habeas petition on the ground that it lacked jurisdiction to review a final order of removal of an aggravated felon, citing 8

U.S.C. § 1252(a)(2)(C). Shortly before the district court's decision, however, we held that § 1252(a)(2)(C) does not divest district courts of jurisdiction over habeas corpus petitions brought under 28 U.S.C. § 2241, such as Cuevas–Diaz's petition. *See Flores–Miramontes v. INS*, 212 F.3d 1133, 1138 (9th Cir.2000). Accordingly, § 1252(a)(2)(C) does not provide a basis for dismissing Cuevas–Diaz's habeas petition.

### III. A DUI Conviction Is Not an Aggravated Felony

■ The substantive issue on appeal here is whether Cuevas–Diaz's DUI conviction under California Vehicle Code § 23152(a) with priors is an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(F). In accordance with our precedent, we find erroneous the BIA's determination that Cuevas–Diaz's DUI conviction with priors is an aggravated felony.

Subsequent to the BIA's determination, we held that a DUI conviction under California Vehicle Code § 23153 (DUI with injury to another) is not an aggravated felony. *See United States v. Trinidad–Aquino*, 259 F.3d 1140, 1146 (9th Cir.2001). Five months later, in *Montiel–Barraza v. INS*, 275 F.3d 1178 (9th Cir.2002), we extended the *Trinidad–Aquino* holding to violations of California Vehicle Code § 23152(a) (DUI without injury to another), reasoning that "[i]f driving under the influence with injury to another does not amount to an aggravated felony, then logically a violation of the lesser offense cannot qualify as an aggravated felony." 275 F.3d at 1180.

Furthermore, the fact that Cuevas–Diaz had two prior DUI convictions does not change this result. The government, in *Montiel–Barraza*, attempted to distinguish the facts of that case from *Trinidad–Aqui-*

*no* on the basis that the petitioner had three prior DUI convictions in seven years, in violation of California Vehicle Code § 23175 (now numbered 23550). *See id.* We rejected the distinction and found that "our analysis in *Trinidad–Aquino* applies with equal force to recidivists." *Id.; see United States v. Portillo–Mendoza*, 273 F.3d 1224, 1226 (9th Cir.2001) (finding that a DUI conviction with priors in violation of Cal. Veh.Code §§ 23152 and 23550 was not an aggravated felony).

Thus, because the BIA's determination that Cuevas–Diaz's DUI conviction with priors is an aggravated felony conflicts with our precedent, we hold that the BIA's decision was erroneous.

### IV. Res Judicata

■ The INS argues that this appeal is barred by the doctrine of res judicata because previously, on direct appeal to this court, Cuevas–Diaz raised the issue of whether a DUI conviction under § 23152(a) is an aggravated felony. However, we recognize an exception to the doctrine of res judicata where there has been an intervening change in law. *See Clifton v. Attorney Gen. of Cal.*, 997 F.2d 660, 663 (9th Cir.1993) (recognizing "the traditional exception to res judicata 'where between the time of the first judgment and the second there has been an intervening decision or a change in the law creating an altered situation'") (citing *State Farm Mut. Auto. Ins. Co. v. Duel*, 324 U.S. 154, 162, 65 S.Ct. 573, 89 L.Ed. 812 (1945)); *C.I.R. v. Sunnen*, 333 U.S. 591, 600, 68 S.Ct. 715, 92 L.Ed. 898 (1948) ("[A] judicial declaration intervening between the two proceedings may so change the legal atmosphere as to render the rule of collateral estoppel inapplicable."). Here, as explained above, there has been an intervening change in law with respect to whether a DUI conviction under California Vehicle

Code § 23152(a) with priors is an aggravated felony. This change in law is sufficient to invoke the traditional exception to res judicata.

Indeed, the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") of 1996, Pub.L. No. 104–208, 110 Stat. 3009–546, which were in effect at the time of Cuevas–Diaz's removal hearing, expressly recognize an exception to an estoppel bar where the grounds for the petition could not have been presented in the prior proceeding:

A court may review a final order of removal only if—

\* \* \* \* \* \*

(2) another court has not decided the validity of the order, *unless the reviewing court finds that the petition presents grounds that could not have been presented in the prior judicial proceeding* or that the remedy provided by the prior proceeding was inadequate or ineffective to test the validity of the order.

8 U.S.C. § 1252(d)(2) (emphasis added).

Here, because there was an intervening change in law, Cuevas–Diaz could not have presented the legal grounds established in our recent decisions in *Trinidad–Aquino* and *Montiel–Barraza* in the prior proceeding. Accordingly, res judicata does not operate to bar the present appeal.

## V. Exhaustion of Remedies

■ The INS also argues that Cuevas–Diaz failed to exhaust his judicial remedies by not seeking further consideration or review of the previous Ninth Circuit panel's May 31, 2000 decision dismissing his case. Specifically, the INS argues that

Cuevas–Diaz could have, but did not, seek clarification, reconsideration, rehearing, rehearing *en banc*, or certiorari from the Supreme Court. We reject the INS's contentions.

We have previously explained, and the INS acknowledges, that habeas corpus petitions filed under 28 U.S.C. § 2241, unlike petitions filed under 28 U.S.C. § 2254, are not subject to a statutory judicial exhaustion requirement. *See Castro–Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir.2001); *cf.* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of state court remedies before filing a habeas petition for relief from a state court judgment).[1] "Because exhaustion is not required by statute, it is not jurisdictional." *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.1990), *cited in Castro–Cortez*, 239 F.3d at 1047. Rather, the exhaustion requirement is a prudential limit on jurisdiction. *See* 239 F.3d at 1047. As such, the district court has the discretion to review the habeas petition in the interests of justice. *See Montes v. Thornburgh*, 919 F.2d 531, 537 (9th Cir.1990) ("Th[e] prudential exhaustion requirement is not a jurisdictional prerequisite but instead is within the discretion of the district court.").

In light of the intervening change of law mitigating a DUI conviction from aggravated-felony status and the consequence of this change in law to Cuevas–Diaz's ability to reenter the United States and seek cancellation of removal, we find that prudential considerations warrant excusing any judicial exhaustion requirement that might otherwise preclude the district court from exercising jurisdiction over Cuevas–Diaz's habeas petition. Accordingly, the

---

1. The permanent rules of the IIRIRA provide that "[a] court may review a final order of removal only if—(1) the alien has exhausted all *administrative* remedies available to the alien as of right." 8 U.S.C. § 1252(d) (emphasis added). The INS does not contend that Cuevas–Diaz has failed to exhaust his *administrative* remedies, however, and nothing in the IIRIRA requires the exhaustion of *judicial* remedies.

failure to exhaust any further judicial remedies available to Cuevas–Diaz does not, by itself, stand as a bar to the district court's adjudication of his habeas corpus petition.

Accordingly, this action is remanded to the district court with the instruction to reopen Cuevas–Diaz's habeas corpus petition filed on June 7, 2000 in accordance with this decision.

REVERSED AND REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.