# In re Carlos Istalin MAGALLANES-Garcia, Respondent

## File A90 219 200 - Tucson

*Decided as amended March 19, 1998*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien who was convicted of aggravated driving while under the influence and sentenced to $2\frac{1}{2}$ years in prison was convicted of a "crime of violence" within the meaning of section 101(a)(43)(F) of the Immigration and Nationality Act (to be codified at 8 U.S.C. § 1101(a)(43)(F)), and therefore is deportable under section 241(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1251(a)(2)(A)(iii)(1994), as an alien convicted of an aggravated felony.

Pro se

David L. Peters, Assistant District Counsel, for the Immigration and Naturalization Service

Before:    Board Panel: HURWITZ, ROSENBERG, and JONES, Board Members.

JONES, Board Member:

In a decision dated June 4, 1997, an Immigration Judge found the respondent deportable as charged under section 241(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(A)(iii)(1994), determined that he was not eligible for any form of relief from deportation, and ordered him deported from the United States to Mexico. The respondent subsequently filed this appeal. The appeal will be dismissed.

On appeal, the respondent asserts the following:  "I am a legal alien. I legally received my registration card in 1984. I have been an inmate of the Arizona State Department of Corrections for the past 2 years. This has prevented me from actively fighting the deportation in court."

We have reviewed the record of proceedings, the Immigration Judge's decision, and the respondent's contentions on appeal. The evidence of record reveals that on December 29, 1989, the respondent was granted

---

[1]On our motion, we amend the January 6, 1998, order in this case. The amended order makes editorial changes consistent with designating the case as precedent.

lawful permanent resident status in the United States. On January 12, 1995, the respondent was convicted in Arizona of aggravated driving under the influence while his license was suspended, revoked, or in violation of a restriction, in violation of sections 28-692(A)(1) and 28-697(A)(1), (D), (E), (G)(1), (H), and (I) of the Arizona Revised Statutes Annotated. He was sentenced to 4 months' imprisonment and placed on probation for a period of 5 years. The respondent subsequently violated the conditions of his probation, and on September 25, 1995, his probation was revoked and he was sentenced to $2\frac{1}{2}$ years in prison.

We concur with the Immigration Judge that the crime of which the respondent was convicted is an aggravated felony, as a crime of violence, within the meaning of section 101(a)(43)(F) of the Act (to be codified at 8 U.S.C. § 1101(a)(43)(F)). He is therefore deportable as charged. *See Matter of Alcantar,* 20 I&N Dec. 801 (BIA 1994).

## I. THE RESPONDENT'S CONVICTION

The respondent was convicted under sections 28-692(A)(1) and 28-697(A)(1), (D), (E), (G)(1), (H), and (I) of the Arizona Revised Statutes Annotated and was sentenced to 2½ years' imprisonment. These two statutory sections provide, in pertinent part, as follows:

> Driving or in actual physical control while under the influence of intoxicating liquor or drugs; violation; classification; definition
>
> A. It is unlawful for any person to drive or be in actual physical control of any vehicle within this state under any of the following circumstances:
>
> > 1. While under the influence of intoxicating liquor, any drug, a vapor releasing substance containing a toxic substance or any combination of liquor, drugs or vapor releasing substances if the person is impaired to the slightest degree.

Ariz. Rev. Stat. Ann. § 28-692(A)(1)(1997),

Aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs; violation; classification; penalties; notice; definition

> A. A person is guilty of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs if the person does either of the following:
>
> > 1. Commits a violation of § 28-692 or this section while the person's driver's license or privilege to drive is suspended, canceled, revoked or refused, or the person's driver's license or privilege to drive is restricted as a result of violating § 28-692 or under § 28-694.
> >
> > . . . .

D. Aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs committed under:

　1. Subsection A, paragraph 1 or 2 of this section is a class 4 felony.

　2. Subsection A, paragraph 3 of this section is a class 6 felony.

Ariz. Rev. Stat. Ann. § 28-697(A)(1), (D)(1), (2)(1997).


## II. CRIME OF VIOLENCE UNDER 18 U.S.C. § 16

Section 101(a)(43)(F) of the Act defines an "aggravated felony" as "a crime of violence (as defined in section 16 of title 18, United States Code, but not including a purely political offense) for which the term of imprisonment [is] at least one year." The term "crime of violence" is defined in 18 U.S.C. § 16 as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

In determining whether a particular offense is a "crime of violence" under this definition, we have held that either the elements of the offense must be such that physical force is an element of the crime, or that the nature of the crime — as evidenced by the generic elements of the offense — must be such that its commission ordinarily would present a risk that physical force would be used against the person or property of another, irrespective of whether the risk develops or harm actually occurs. *Matter of Alcantar, supra.*

Upon review, we find that the statutory requirements for a conviction under either section 28-692(A)(1) or section 28-697(A)(1) do not include as an element the use, attempted use, or threatened use of physical force against the person or property of another. Accordingly, the respondent's conviction does not satisfy the test set forth at 18 U.S.C. § 16(a). The remaining issue presented, therefore, is whether the conviction satisfies the test articulated at 18 U.S.C. § 16(b).

As stated in *Matter of Alcantar, supra*, we apply the "generic" or "categorical" approach to analyzing whether a conviction meets this test.

> That is, analysis under 18 U.S.C. § 16(b) requires first that the offense be a felony; and, if it is, that the "nature of the crime — as elucidated by the generic elements of

3

the offense — is such that its commission would ordinarily present a risk that phys-
ical force would be used against the person or property of another" irrespective of
whether the risk develops or harm actually occurs.

*Matter of Alcantar, supra*, at 812 (quoting *United States v. Marzullo*, 780
F. Supp. 658, 662 (W.D. Mo. 1991)); *see also United States v. Jackson*,
986 F.2d 312 (9th Cir. 1993); *United States v. Sherman*, 928 F.2d 324 (9th
Cir.), *cert. denied*, 502 U.S. 842 (1991). Stated differently, "'Offenses
within the scope of section 16(b) have as a commonly shared characteris-
tic the potential of resulting in harm.'" *Matter of Alcantar, supra*, at 809
(quoting *United States v. Gonzalez-Lopez*, 911 F.2d 542, 547 (11th Cir.
1990), *cert. denied*, 500 U.S. 933 (1991)).

This approach does not extend, however, to consideration of the
underlying facts of the conviction. *Matter of Alcantar, supra*, at 813.
Consequently, for the respondent's crime to fall within the purview of 18
U.S.C. § 16(b), it must be an offense for which the nature of the crime
involves a substantial risk that physical force may be used against the per-
son or property of another during the commission of the offense; in other
words, the crime must have "the potential of resulting in harm." *Id.* at
809.

## III. NATURE OF THE RESPONDENT'S OFFENSE

The respondent's felony conviction and $2\frac{1}{2}$-year sentence for aggra-
vated driving under the influence (DUI) arose under section 28-697(a)(1)
because he violated section 28-692(a)(1) by driving under the influence of
a drug while his license was suspended or restricted owing to an earlier
similar offense. The United States Supreme Court has stated the follow-
ing:

> No one can seriously dispute the magnitude of the drunken driving problem or the
> States' interest in eradicating it. Media reports of alcohol-related death and mutila-
> tion on the Nation's roads are legion. The anecdotal is confirmed by the statistical,
> "Drunk drivers cause an annual death toll of over 25,000 and in the same time span
> cause nearly one million personal injuries and more than five billion dollars in prop-
> erty damage."

*Michigan State Police v. Sitz*, 496 U.S. 444, 451 (1990) (quoting 4 W.
LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* §
10.8(d), at 71 (2d ed. 1987) (footnote omitted), The federal courts also
have addressed the potential for harm inherent in driving under the influ-
ence of drugs or alcohol. *See, e.g., United States v. Rutherford*, 54 F.3d
370, 376 (7th Cir.) (stating that "the risk of injury from drunk driving is
neither conjectural nor speculative. Driving under the influence vastly

4

increases the probability that the driver will injure someone in an accident. . . . Drunk driving, by its nature, presents a serious risk of physical injury . . . ."), *cert. denied*, 116 S. Ct. 323 (1995); *United States v. Farnsworth*, 92 F.3d 1001, 1008 (10th Cir. 1996)(stating that "[w]e have no difficulty in concluding that [driving under the influence of drugs or alcohol] clearly was 'conduct that present[ed] a serious potential risk of physical injury to another'") (quoting U.S.S.G. § 4B1.2(1)(ii)), *cert. denied*, 117 S. Ct. 596 (1996)[2]. As is articulated in these decisions, the act of driving while under the influence of drugs or alcohol clearly is an activity that has enormous potential to result in harm.

We conclude that the respondent was convicted of an offense that is the type of crime that involves a substantial risk of harm to persons and property. *See United States v. Gonzalez-Lopez, supra*, at 548-49 (holding that burglary of a dwelling, by its nature, creates a substantial risk of physical force, and thus constitutes a crime of violence under 18 U.S.C. § 16(b)); *United States v. Flores*, 875 F.2d 1110 (5th Cir. 1989) (finding burglary of a private residence to be a crime of violence); *cf. United States v. Velazquez-Overa*, 100 F.3d. 418 (5th Cir. 1996) (finding "sexual contact with a child" to be a crime of violence), *cert. denied*, 117 S. Ct. 1283 (1997); *United States v. Wood*, 52 F.3d 272 (9th Cir.)(finding "indecent liberties with a child" to be a crime of violence), *cert. denied*, 116 S. Ct. 217 (1995). In support of this conclusion, we point to the incontrovertible evidence that drunk driving is an inherently reckless act, which exacts a high societal toll in the forms of death, injury, and property damage. *See, e.g., United States v. Rutherford, supra*, at 375-77. Thus, upon applying the 18 U.S.C. § 16(b) test to the conduct required for a conviction under section 28-692(a)(1) or section 28-697(a)(1) of the Arizona Revised Statutes Annotated, we find that the respondent was convicted of a "crime of violence" within the meaning of the Act. *See* section 101(a)(43)(F) of the Act; *Matter of Alcantar, supra*.

## IV. CONCLUSION

Upon consideration, therefore, we find no error in the Immigration Judge's determination that the respondent is deportable owing to his conviction for an aggravated felony. Furthermore, the record contains no evi-

---

[2]We note further that in a case arising within the jurisdiction of the United States Court of Appeals for the Ninth Circuit, a federal district court characterized driving under the influence of alcohol not merely as malum prohibitum, but as malum in se. *Bronson v. Swinney*, 648 F. Supp. 1094, 1100 (D. Nev. 1986) (stating that "[d]riving while intoxicated is a deadly crime"), *rev'd on other grounds sub nom. Bronson v. McKay*, 870 F.2d 1514 (9th Cir. 1989).

dence that the respondent, either during proceedings before the Immigration Judge or on appeal, has asserted eligibility for relief from deportation, and no application for relief has been made. Accordingly, the appeal will be dismissed.

**ORDER:**  The appeal is dismissed.