UNITED STATES of America,
Plaintiff—Appellee,

v.

Antonio HERNANDEZ–CASTANEDA,
Defendant—Appellant.

No. 01–10302.
D.C. No. CR–01–00095–RCC.

United States Court of Appeals,
Ninth Circuit.

---

Fed. R.App. P. 34(a)(2). Accordingly, Fletcher's request for oral argument is denied.

Submitted Dec. 2, 2002.*

Decided Dec. 5, 2002.

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

MEMORANDUM **

Antonio Hernandez–Castaneda appeals the 46–month sentence imposed following his guilty-plea conviction for illegal re-entry in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review de novo whether the aggravated felony provision of the United States Sentencing Guidelines has been properly applied, *United States v. Rivera–Sanchez,* 247 F.3d 905, 907 (9th Cir.2001), and we vacate the sentence and remand for resentencing.

Hernandez–Castaneda contends the district court erred in imposing a 16–level upward adjustment under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (2000) because his prior Arizona convictions for aggravated driving under the influence are not aggravated felonies under 8 U.S.C. § 1101(a)(43). We have previously held that a prior California conviction for felony driving under the influence is not a "crime of violence" and cannot qualify as an aggravated felony conviction for sentencing enhancement purposes. *United States v. Trinidad–Aquino,* 259 F.3d 1140, 1146 (9th Cir.2001); *see also Montiel–Barraza v.*

*INS,* 275 F.3d 1178 (9th Cir.2002). Arizona Revised Statutes §§ 28–692 and 28–697 are similar. Accordingly, we conclude that Hernandez–Castaneda's prior convictions were not aggravated felonies and we vacate his sentence and remand for resentencing consistent with this disposition.[1]

VACATED AND REMANDED.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Hernandez–Castaneda's request for reassignment to a new judge on remand is denied. *See United States v. Sears, Roebuck & Co.,* 785 F.2d 777, 780 (9th Cir.1986) (reassignment to new judge on remand appropriate only under "unusual circumstances") (citations omitted).