FILED

DEC 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

  v.

FERNANDO RAMOS-CRUZ,

      Defendant - Appellant.

No. 09-50670

D.C. No. 3:08-cr-04494-JLS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted December 9, 2010
Pasadena, California

Before: TROTT, WARDLAW, and IKUTA, Circuit Judges.

The IJ's classification of Ramos-Cruz's felony DUI conviction under

California Vehicle Code § 23152(b) as an aggravated felony was an error. *See*

*Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004); *Montiel-Barraza v. INS*, 275 F.3d 1178,

1180 (9th Cir. 2002). That this error became apparent only in light of later-decided

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

authority does not alter our analysis. *Compare United States v. Pallares-Galan*, 359 F.3d 1088, 1103–04 (9th Cir. 2004), *with Avila-Sanchez v. Mukasey*, 509 F.3d 1037, 1040–41 (9th Cir. 2007), *and Alvarenga-Villalobos v. Ashcroft*, 271 F.3d 1169, 1172–73 (9th Cir. 2001). Therefore, the IJ's failure to inform Ramos-Cruz of his eligibility for relief from removal violated Ramos-Cruz's due process rights, and his waiver of appeal from the removal order cannot bar him from collaterally attacking that order. *See* 8 U.S.C. § 1326(d)(1)–(2); *United States v. Muro-Inclan*, 249 F.3d 1180, 1183 (9th Cir. 2001) ("The exhaustion requirement of 8 U.S.C. § 1326(d) cannot bar collateral review of a deportation proceeding when the waiver of right to an administrative appeal did not comport with due process.").

Ramos-Cruz has also demonstrated that he was prejudiced by the IJ's error, *see* 8 U.S.C. § 1326(d)(3), because the sole basis for his removal was that he had committed an aggravated felony, namely, his felony DUI. *See United States v. Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006). The 2004 and 2008 reinstatement orders are irrelevant to the question of prejudice, because a reinstatement of an invalid removal order is itself invalid. *United States v. Arias-Ordonez*, 597 F.3d 972, 978 (9th Cir. 2010).

2

Accordingly, we reverse Ramos-Cruz's conviction and remand to the district court with instructions to vacate the underlying indictment. Because we reverse Ramos-Cruz's conviction, we need not reach his arguments regarding his sentence.

**REVERSED AND REMANDED.**