NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GERARDO ALMODOVAR, AKA Gerardo Almodovar Payon,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 18-71441

Agency No. A093-153-327

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2022[**]
San Francisco, California

Before: RAWLINSON, BADE, and BRESS, Circuit Judges.

Petitioner Gerardo Almodovar, a native and citizen of Mexico, seeks review

of the Board of Immigration Appeals' ("BIA") decision denying his motion to

reconsider a 1999 order removing him from the United States. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction to review final orders of removal under 8 U.S.C. § 1252. We lack jurisdiction to review the BIA's decision not to sua sponte grant an untimely motion for reconsideration of an order of removal, except to the extent that the BIA's decision was predicated on legal or constitutional error. *See Lona v. Barr*, 958 F.3d 1225, 1229 (9th Cir. 2020); *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002). Because Almodovar points to no legal or constitutional error in the BIA's 2018 decision denying the untimely motion to reconsider, we lack jurisdiction and dismiss Almodovar's petition for review.

Almodovar is correct that his conviction for driving under the influence of alcohol is no longer considered an aggravated felony that would render him removable pursuant to 8 U.S.C. §§ 1101(a)(43) and 1227(a)(2)(A)(iii). *Compare Leocal v. Ashcroft*, 543 U.S. 1, 10 (2004), *and Montiel-Barraza v. INS*, 275 F.3d 1178, 1180 (9th Cir. 2002) (per curiam), *with In re Magallanes-Garcia*, 22 I. & N. Dec. 1, 3–5 (B.I.A. 1998) (holding that such a conviction was an aggravated felony), *and with In re Puente-Salazar*, 22 I. & N. Dec. 1006, 1013–14 (B.I.A. 1999) (same).

But, when the BIA was faced with Almodovar's motion for sua sponte reconsideration, it had "unfettered discretion" to conclude that reconsideration was not warranted and we "cannot, by law, disagree" with that conclusion. *Lona*, 958 F.3d at 1237–38. Our review "is limited to instances where the agency

misconstrues the parameters of its sua sponte authority based on legal or constitutional error and, as a consequence, does not truly exercise its discretion." *Id.* at 1237. Almodovar points to no such legal or constitutional error, and we detect none.[1]

**PETITION DISMISSED.**

---

[1] Almodovar's motion for a stay of removal during the pendency of the petition for review is denied as moot.