**Anatoly Aelkseevich MATSUK,
Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 99–71255.

United States Court of Appeals,
Ninth Circuit.

Submitted March 6, 2001*

Filed April 25, 2001

---

* The panel unanimously found this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

---

John S.J. Marandas, Marandas & Perdue, Portland, Oregon, for the petitioner.

Paul D. Kovac, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for the respondent.

Before: T.G. Nelson, Graber, and Rawlinson, Circuit Judges.

T.G. NELSON, Circuit Judge:

## OVERVIEW

Anatoly Aelkseevich Matsuk petitions for review of the order for his removal issued by the Board of Immigration Appeals (BIA) and the denial of his request for withholding of removal. Pursuant to 8 U.S.C. § 1252, we lack jurisdiction to review the order of removal and the denial of withholding. Thus, we dismiss the petition.

## BACKGROUND

In late 1998, the INS instituted removal proceedings against Matsuk, a lawful permanent resident of the United States who entered the country in 1989. Under the Immigration and Nationality Act (INA), an alien convicted of an aggravated felony is subject to removal. An "aggravated felony" is defined as a "crime of violence . . . for which the term of imprisonment [is] at least one year."[1] Between 1994 and 1998, Matsuk received four convictions for assault in the fourth degree against his wife and children. He was also convicted of felony assault and of criminal trespass once. The Immigration Judge (IJ) concluded that Matsuk was subject to removal because several of his assault convictions, each of which carried a 365-day sentence, constituted aggravated felonies under the INA. The IJ further concluded that Matsuk was ineligible either for withholding or for asylum due to his convictions. Thus, the IJ ordered Matsuk's removal.

The BIA affirmed the removal order and agreed with the IJ that Matsuk's convictions precluded any asylum application. The BIA disagreed with the IJ's conclusion that Matsuk was ineligible for withholding of removal on the ground given by the IJ, that Matsuk's aggregate sentences exceeded five years.[2] The BIA concluded that an alternative ground—the particularly serious nature of one of Matsuk's crimes—rendered withholding unavailable to him. Thus, the BIA ordered Matsuk's removal as well.

Matsuk now petitions this court for review. He seeks review of the BIA's decision that he is subject to removal and ineligible for withholding of removal.[3]

## ANALYSIS

We must determine whether 8 U.S.C. § 1252 ("Section 1252") divests this court of jurisdiction to review the BIA's order of removal and denial of withholding. We

---

1. 8 U.S.C. § 1101(a)(43)(F).

2. Pursuant to 8 U.S.C. § 1231(b)(3)(B), aliens are ineligible for withholding if their sentences for aggravated felonies, in the aggregate, equal or exceed five years.

3. Matsuk does not seek review of the determination that he was ineligible to apply for asylum.

have jurisdiction "to determine whether jurisdiction exists." [4]

### A. *Order of Removal*

Section 1252(a)(2) bears the heading, "Matters not subject to judicial review." Under that heading, Section (C) reads in pertinent part:

> Orders against criminal aliens
>
> Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section ... 1227(a)(2)(A)(iii).... [5]

Section 1227(a)(2)(A)(iii), which provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable,"[6] was precisely the section upon which the IJ and the BIA relied. Accordingly, Section 1252 appears to divest us of jurisdiction.

■ Part of having jurisdiction to determine our jurisdiction includes having jurisdiction to review "threshold issues."[7] In this case, those threshold issues include whether Matsuk is an alien and whether he committed an aggravated felony after his admission.[8] Matsuk concedes the former issue; it is the latter issue—whether he committed an aggravated felony—that he contests.

An "aggravated felony" is defined as "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year."[9] Matsuk concedes that his assault convictions were for "crimes of violence."[10] He disputes, however, that a 365–day term of imprisonment constitutes a term of "at least one year."

■ Each of Matsuk's four assault convictions carried a 365–day sentence. The BIA rejected Matsuk's argument that the INA's prescription of "one year" should be read to mean a "natural or lunar" year, which is composed of 365 days and some

---

**4.** *Flores–Miramontes v. INS*, 212 F.3d 1133, 1135 (9th Cir.2000) (citation and internal quotation marks omitted).

**5.** 8 U.S.C. § 1252(a)(2)(C).

**6.** 8 U.S.C. § 1227(a)(2)(A)(iii) (as amended).

**7.** *See Flores–Miramontes*, 212 F.3d at 1135 (explaining that even if "the jurisdictional bar relating to criminal removal orders appears to apply, we have jurisdiction to determine whether a petitioner 'is an alien [removable] by reason of having been convicted of one of the enumerated offenses.' ") (quoting *Magana–Pizano v. INS*, 200 F.3d 603, 607 (9th Cir.1999)).

**8.** *Id.*

**9.** 8 U.S.C. § 1101(a)(43)(F). The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Section 321(a)(3), amended the definition of "aggravated felony" by reducing the sentencing requirement

for a crime of violence from "at least 5 years" to the current requirement: "at least one year." The amended definition applies to criminal convictions entered before and after IIRIRA's effective date of April 1, 1997, *Aragon–Ayon v. INS*, 206 F.3d 847, 852–53 (9th Cir.2000), and applies to "actions taken on or after the date of the enactment of this Act." IIRIRA § 321(c). The phrase "actions taken" has been interpreted to mean an order or decision against the alien by the Attorney General. *Aragon–Ayon*, 206 F.3d at 852. In this case, the relevant criminal convictions occurred both before and after IIRIRA's effective date, and the order against Matsuk was issued in 1998. Thus, the amendment clearly applies to Matsuk.

**10.** The statute defines a "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). Matsuk's convictions for assaulting his wife and children clearly fall within that definition.

hours. Instead, the BIA reasoned that a calendar year was · a more appropriate measure and concluded that a calendar year is commonly thought of as 365 days. Because the BIA's interpretation is entirely rational—and certainly not "demonstrably irrational or clearly contrary to the plain and sensible meaning of the statute"[11]—the BIA's interpretation should not be disturbed. Thus, we conclude that Matsuk was sentenced to "at least one year" for his convictions. He concedes that his convictions were for violent crimes. Accordingly, Matsuk's convictions meet the definition of an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F).

Because we are satisfied that Matsuk was convicted of an aggravated felony, and he concedes that he is an alien, the threshold issues over which we retain jurisdiction to determine our jurisdiction have been satisfied. Section 1252 divests us of jurisdiction over the substance of Matsuk's petition, and we can proceed no further.[12]

### B. *Denial of Withholding of Removal*

 The panel also lacks jurisdiction over Matsuk's appeal of the BIA's denial of withholding of removal. Section 1252(a)(2)(B)(ii) divests courts of jurisdiction to review a "decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) of this title." The decision

to deny withholding to Matsuk was based upon the Attorney General's discretion, pursuant to Section 1231(b)(3)(B)(ii), "to determine whether an aggravated felony conviction resulting in a sentence of less than 5 years is a particularly serious crime."[13] Thus, Section 1252(a)(2)(B)(ii) divests this court of jurisdiction to review this issue.

We note that our holding answers an issue left open in *Flores–Miramontes*. In that case, the court noted that the question whether Section 1252 would divest courts of jurisdiction to review denials of withholding remained open. *Flores–Miramontes*, 212 F.3d at 1143 n. 16. Today, we hold that Section 1252(a)(2)(B)(ii) divests this court of jurisdiction to review denials of withholding based upon an exercise of the BIA's discretion. We continue to leave open the still narrower question whether we would have jurisdiction to review nondiscretionary denials of withholding.

### CONCLUSION

We lack jurisdiction to review the order of removal pursuant to 8 U.S.C. § 1252(a)(2)(C). We also lack jurisdiction to review the discretionary denial of withholding pursuant to 8 U.S.C. § 1252(a)(2)(B).

### PETITION DISMISSED.

---

**11.** *Coronado–Durazo v. INS*, 123 F.3d 1322, 1324 (9th Cir.1997) (citation and internal quotation marks omitted).

**12.** Our lack of jurisdiction extends to Matsuk's constitutional challenges to the removal order, not merely to his statutory challenges. *Flores–Miramontes*, 212 F.3d at 1138–41 (setting forth the approach of the Ninth Circuit and rejecting the approach of the Eleventh Circuit); *contra Galindo–Del Valle v. Attorney General*, 213 F.3d 594, 598 (11th Cir.2000) (setting forth the approach of the Eleventh

Circuit, which allows for the review of "constitutional challenges to the statute itself or other substantial constitutional issues") (*quoting Richardson v. Reno*, 180 F.3d 1311, 1316 n. 5 (11th Cir.1999)). Matsuk may raise his constitutional challenges on collateral appeal. *Flores–Miramontes*, 212 F.3d at 1136.

**13.** *In re S–S–*, Interim Decision 3374, 1999 WL 38822, II.B (no page cite available) (BIA Jan. 21, 1999) (citing cases).