**McJames JAYME, aka Jayme McJames Petitioner,**

v.

**John ASHCROFT, Attorney General Respondent.**

No. 00–70926.

I & NS No. A35–582–146.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001.*

Decided Nov. 8, 2001.

---

* This panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, RYMER, and WARDLAW.

MEMORANDUM **

 McJames Jayme ("Jayme" or "Petitioner"), a native of the Philippines, seeks review of an order issued by the Board of Immigration Appeals ("BIA"), determining that he had not established a valid claim of ineffective assistance of counsel or of United States citizenship, and dismissing his appeal. We have jurisdiction pursuant to 8 U.S.C. § 1252(b)(5) for review of Petitioner's claim of citizenship and nationality arising under 8 U.S.C. § 1432(a) (now repealed). We have jurisdiction to determine whether Jayme: (1) is an alien who; (2) is removable because; (3) he was convicted of an aggravated felony. *See Matsuk v. INS*, 247 F.3d 999, 1000–02 (9th Cir.2001). We review legal questions under the INA *de novo*, although the BIA's interpretation of the meaning of

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

the statute is entitled to deference. *See Ladha v. INS*, 215 F.3d 889, 896 (9th Cir.2000).

Jayme concedes that he was convicted for battery with a deadly weapon, for which a sentence of 96 months was imposed. Thus, he is an aggravated felon removable under 8 U.S.C. § 1227(a)(2)(A)(iii) if he is an alien.

██ Jayme also concedes that he does not meet the statutory conditions for citizenship provided in 8 U.S.C. § 1432(a), but argues that § 1432(a)(3) violates his right to equal protection under the United States Constitution. Specifically, he argues that because he was born out of wedlock, § 1432(a)(3) discriminates against him on the basis of gender because he can only enjoy derivative citizenship through his naturalized father if his parents were married and legally separated and his father had legal custody. Otherwise, he can only become a citizen through his mother if she were to become a citizen and his paternity has not been established. To the extent that Jayme purports to challenge § 1432(a)(3) on the ground that it discriminates based on gender, he lacks third-party standing to do so. His father is the person allegedly accorded differential treatment on the basis of gender, but there is no obstacle to his father's bringing suit himself. *Powers v. Ohio*, 499 U.S. 400, 411, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991) (some hindrance required to third party's ability to protect own interests). However, to the extent that Jayme challenges the statute in his own right, his claim cannot be based on gender discrimination because the statute makes no classification based on the child's gender. Therefore, this claim is subject to rational basis scrutiny.

██ Under rational basis scrutiny, a statute may be upheld based on generalized classifications unsupported by empiri-

cal evidence. *See Heller v. Doe*, 509 U.S. 312, 320, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993) ("[A] classification must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification ...."). It is rational that Congress, in delineating the conditions for acquiring citizenship, would adopt the general principle that the naturalization of both parents was necessary to transmit citizenship to a child. It is also rational that Congress would enact exceptions to this general rule in situations where only one parent is legally responsible for the child, to avoid hardship and preserve the unity of a single-parent family. As one of these limited exceptions, § 1432(a)(3), which permits an unwed mother to transmit citizenship to her non-legitimated child, is constitutionally sufficient.

Because Jayme is an alien—not a citizen—we lack jurisdiction to review his petition.

PETITION DISMISSED.