**Ernesto Salvador FLORES–SANCHEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 00–71672.

I & NS No. A17–221–033.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 4, 2002 *.

Decided March 11, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. See

**500**

Before PREGERSON, RYMER, and T.G. NELSON, Circuit Judges.

### MEMORANDUM **

Ernesto Flores–Sanchez (Flores) petitions for review of a determination by the Board of Immigration Appeals (BIA) that he is removable because he was convicted of an aggravated felony. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.

In *Matsuk v. INS,*[1] we upheld the BIA's interpretation of the statutory language "[a] term of imprisonment [of] at least one year"[2] as meaning a calender year of 365 days, rather than a "'natural or lunar' year, which is composed of 365 days and some hours."[3] Flores' argument, like that of the petitioner in *Matsuk,* amounts to an assertion that "one year" refers to something longer than a 365–day calender year. *Matsuk* foreclosed this argument.

Flores waived the other arguments that he makes to us by failing to raise them before the BIA.[4]

### PETITION DENIED.

---

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. 247 F.3d 999 (9th Cir.2001).

2. 8 U.S.C. § 1101(a)(43)(F).

3. *Matsuk,* 247 F.3d at 1001–02.

4. *Rodas–Mendoza v. INS,* 246 F.3d 1237, 1240 (9th Cir.2001) ("Having failed to raise this

---

argument before the IJ or the BIA, Rodas–Mendoza has waived it and cannot raise it before this Court.").

