**Ernesto Salvador FLORES–SANCHEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 00–71672.
INS No. A17–221–033.

United States Court of Appeals,
Ninth Circuit.

**54**

Submitted Feb. 4, 2002.*

Decided July 9, 2002.

Before PREGERSON, RYMER, and T.G. NELSON, Circuit Judges.

### ORDER

The Memorandum disposition filed on March 11, 2002, is withdrawn. A revised Memorandum disposition is being filed in its place.

With the revised Memorandum disposition, Judge Rymer and Judge T.G. Nelson have voted to deny the petition for panel rehearing. Judge Pregerson has voted to grant the petition for panel rehearing

The petition for rehearing is DENIED.

### MEMORANDUM **

Ernesto Flores–Sanchez (Flores) petitions for review of a determination by the Board of Immigration Appeals (BIA) that he is removable because he was convicted of an aggravated felony. We deny the petition.

In *Matsuk v. INS*,[1] we upheld the BIA's interpretation of the statutory language "[a] term of imprisonment [of] at least one year"[2] as meaning a calender year of 365 days, rather than a "'natural or lunar'

year, which is composed of 365 days and some hours."[3] Flores' argument, like that of the petitioner in *Matsuk*, amounts to an assertion that "one year" refers to something longer than a 365–day calender year. *Matsuk* foreclosed this argument.

This court lacks jurisdiction to consider Flores' equal protection argument.[4]

PETITION DENIED.

PREGERSON, Circuit Judge, concurring in part, and dissenting in part.

I concur in the majority's conclusion that Flores' was convicted of an aggravated felony by virtue of his 365–day sentence. I respectfully dissent from the majority's view that this court lacks jurisdiction to consider Flores' equal protection argument. I would find that this court has jurisdiction based on our holding in *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1144 (9th Cir.2002) (holding that we retain jurisdiction to review purely legal questions of statutory eligibility).

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**1.** 247 F.3d 999 (9th Cir.2001).

**2.** 8 U.S.C. § 1101(a)(43)(F).

**3.** *Matsuk*, 247 F.3d at 1001–02.

**4.** *Flores–Miramontes v. INS*, 212 F.3d 1133 (9th Cir.2000).