Armando Enrique QUANT, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–70001.

INS No. A72-088-868.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2003.

Decided April 4, 2003.

Before LAY,* HAWKINS, and TALLMAN, Circuit Judges.

MEMORANDUM**

Petitioner Armando Quant appeals a final order of removal issued by the Board

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

of Immigration Appeals (BIA). Quant argues that his robbery conviction under Cal.Penal Code § 211 does not constitute an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). We disagree. Section 1101(a)(43)(G) defines an aggravated felony as "a theft offense ... for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G). Documents introduced into evidence before the Immigration Judge clearly establish that Quant was convicted of a theft offense. We therefore lack jurisdiction to entertain Quant's petition. *See* 8 U.S.C. § 1252(a)(2)(C).

We also lack jurisdiction to grant Quant's application for withholding of removal under 8 U.S.C. § 1231(b)(3)(A) because the BIA determined that Quant's crime was particularly serious. The Attorney General may deny the withholding of removal where the alien has committed a particularly serious crime. 8 U.S.C. § 1231(b)(3)(B)(ii). This Court is divested of jurisdiction to review the Attorney General's discretionary decision that an alien has committed a particularly serious crime. *Matsuk v. Immigration and Naturalization Serv.*, 247 F.3d 999, 1002 (9th Cir. 2001).

While we do have jurisdiction over Quant's application for deferral of removal under the United Nations Convention Against Torture, 8 C.F.R. § 208.17, we reject his application. To defer removal under the Convention, Quant bears the burden of establishing that it is more likely than not that he will be tortured upon returning to Nicaragua. *See* 8 C.F.R. § 208.16(c)(2). Quant offers evidence that he was verbally abused and pushed by a Nicaraguan immigration official over ten years ago. But this verbal abuse and push

certainly did not constitute torture as defined by the Convention. *See* 8 C.F.R. 208.18(a)(2) (explaining that "[t]orture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment"). Given that Quant was not tortured on his trip to Nicaragua in 1991, and that the Immigration Judge determined that the political climate in Nicaragua has changed since Quant was initially granted asylum in 1990, we cannot say the BIA erred in holding that Quant failed to meet his burden of proving more probably than not that he will be tortured upon his return to Nicaragua.

The Petition is therefore **DISMISSED** in part and **DENIED** in part.