**Han Hui ZHOU, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 02–74453.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 10, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Beth S. Persky, Todd Becraft, Esq., Los Angeles, CA, for Petitioner.

District Counsel, U.S. Immigration & Naturalization Service, Office of The District Counsel, Phoenix, AZ, Carl H. McIntyre, Jr., Paul Fiorino, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, GRABER and GOULD, Circuit Judges.

MEMORANDUM ***

Han Hui Zhou, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an Immigration Judge's ("IJ") denial of his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). We dismiss the petition for lack of jurisdiction.

■ The IJ denied Zhou's application for withholding of removal on two grounds. First, the IJ concluded that Zhou "has been convicted of an aggravated felony and sentenced to five years" and is therefore statutorily ineligible for withholding. *See* 8 U.S.C. § 1231(b)(3)(B). In this court, Zhou contends that the reasoning of *United States v. Corona–Sanchez*, 291 F.3d 1201 (9th Cir.2002) (en banc), excludes sentencing enhancements from counting toward the 5–year calculation. This argument was not, however, exhausted before

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the BIA. We therefore lack jurisdiction to consider it. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (holding that exhaustion is mandatory and jurisdictional); *cf. Unuakhaulu v. Ashcroft,* 392 F.3d 1024, 1028 (9th Cir.2004) (" '[W]hen the alien has been sentenced to an aggregate term of imprisonment of at least 5 years,' § 1231(b)(3)(B), he is automatically barred from withholding of removal and we have no jurisdiction because the alien is being removed *'by reason of* having committed a criminal offense.' § 1252(a)(2)(C).").

■ We also lack jurisdiction to review the IJ's second, discretionary finding that Zhou is ineligible for withholding because he committed a "particularly serious crime." *See Matsuk v. INS,* 247 F.3d 999, 1002 (9th Cir.2001).

■ In addition, Zhou challenges the IJ's denial of CAT relief and contends that he is eligible for relief under section 212(c) of the Immigration and Nationality Act. Neither of these claims was exhausted in Zhou's appeal to the BIA. We are therefore without jurisdiction to review them. *See Barron,* 358 F.3d at 678.

PETITION FOR REVIEW DISMISSED.