Rhodora SANTOS–MELITANTE, aka
Rhodora Hudson, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–70981.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 2005.

Filed Dec. 7, 2005.

Before FARRIS, TASHIMA, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Petitioner Rhodora Santos Militante challenges a Board of Immigration Appeals' decision finding her removable for having been convicted of an aggravated felony and ineligible for withholding of removal for having committed a particularly serious crime. We deny the petition in part and dismiss in part for lack of jurisdiction.

Our jurisdiction is governed by 8 U.S.C. § 1252 as amended by the REAL ID Act, which applies retroactively to this case. REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231 (2005); *Fernandez–Ruiz v. Gonzales*, 410 F.3d 585, 587 (9th Cir.2005). We have no jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed a criminal offense," including an aggravated felony and conviction relating to a controlled substance. 8 U.S.C. §§ 1252(a)(2)(C), 1227(a)(2)(A)(iii), (B). Nor do we have jurisdiction over any "decision or action of the Attorney General ... the authority for which is specified ... to be in [his] discretion." 8 U.S.C. § 1252(a)(2)(B)(ii). However, we are not barred from hearing constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D). We review constitutional and legal claims de novo. *Castillo–Perez v. INS*, 212 F.3d 518, 523 (9th Cir.2000).

■ Whether a criminal drug conviction is an aggravated felony or a conviction relating to a controlled substance is a

Jon Eric Garde, Esq., Law Offices of Jon Eric Garde, Las Vegas, NV, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Office of Immigration Lit., U.S. Department of Justice, Washington, DC, for Respondent.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

question of law that we have jurisdiction to review. *See Cazarez–Gutierrez v. Ashcroft,* 382 F.3d 905, 909 (9th Cir.2004).

■ A crime punishable as a federal drug trafficking crime is an aggravated felony. *See id.* at 918. Where a state conviction is at issue, we must decide whether the full range of conduct prohibited by the state statute is also punishable under the federal law. *See United States v. Baron–Medina,* 187 F.3d 1144, 1146 (9th Cir.1999). Under the federal Controlled Substances Act it is a felony "to ... possess *with intent to ... distribute[ ] or dispense[ ]* a controlled substance." 21 U.S.C. § 841 (emphasis added). Petitioner was convicted twice of violating California Health and Safety Code Section 11378, which provides that "every person who possesses for sale any controlled substance ... shall be punished by imprisonment in the state prison." Cal. Health and Safety Code § 11378. A conviction for "unlawful possession of a controlled substance for sale requires proof the defendant possessed the contraband *with the intent* of selling it...." *People v. Harris,* 83 Cal. App.4th 371, 374, 99 Cal.Rptr.2d 618 (Ct. App.2000) (emphasis added). Since intent to sell is an element of the state crime, all convictions under Section 11378 would be punishable under 21 U.S.C. § 841 and are aggravated felonies.

■ Whether an alien is barred from withholding of removal for having committed a "particularly serious crime," and whether an aggravated felony where a sentence of less than five years was imposed is "particularly serious" are decisions placed in the Attorney General's discretion. 8 U.S.C. § 1231(b)(3)(B); *see Matsuk v. INS,* 247 F.3d 999, 1002 (9th Cir. 2001). Consequently, we have no jurisdiction to review these conclusions. *See* 8 U.S.C. § 1252(a)(2)(B)(ii).

■ However, we may review Petitioner's claim that the IJ impermissibly applied a new legal standard retroactively in making discretionary decisions. There was no error. Although the Attorney General established the precedent that drug trafficking crimes are presumptively "particularly serious crimes" after Santos Militante had entered her guilty pleas, *see In re Y–L–,* 23 I. & N. Dec. 270, 274, 2002 WL 358818 (2002), the particularly serious crime bar to withholding of removal, and the Attorney General's discretion to designate crimes as "particularly serious," existed when Petitioner plead guilty. *See* 8 U.S.C. § 1231(b)(3)(B) (1998). In addition, a presumption that her aggravated felony was a particularly serious crime would have attached at that time. *See In re Q–T–M–T–,* 21 I. & N. Dec. 639, 639, 654, 1996 WL 784581 (1996). The Attorney General's opinion was not an abrupt departure from existing law and has not attached a new consequence to her guilty plea. In addition, the Attorney General's explicit statutory discretion to designate crimes as "particularly serious" weighs in favor of applying those designations retroactively.[1] *See Montgomery Ward & Co., Inc. v. FTC,* 691 F.2d 1322, 1333 (9th Cir.1982) (identifying factors that must be considered when deciding whether an agency adjudication applies retroactively); *Ruangswang v. INS,* 591 F.2d 39, 44 (9th Cir.1978).

---

1. Petitioner also claims that the Attorney General exceeded his statutory authority in issuing the *In re Y–L–* decision. We reject the argument. 8 U.S.C. § 1231(b)(3)(B) gives the Attorney General the discretion to decide whether a crime is a particularly serious crime. *See Spencer Entr., Inc. v. United States,* 345 F.3d 683, 689–90 (9th Cir.2003). The Attorney General had the authority to issue the opinion under 8 C.F.R. § 3.1(h)(1)(i) (2002).

■■ We have jurisdiction to hear Petitioner's ineffective assistance of counsel and international law claims, since they are legal and constitutional. Even though Petitioner's counsel did not contest her aggravated felony grounds of removability, nothing in the record indicates that the "proceeding was so fundamentally unfair that [she] was prevented from reasonably presenting [her] case." *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1226 (9th Cir.2002). Further, Petitioner did not suffer any prejudice since her crimes were, in fact, aggravated felonies. *See Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir.1999). Petitioner fails to point to any international law provision that has been transgressed.

Petitioner's challenge to the BIA's decision that she committed a particularly serious crime is DISMISSED; otherwise, her petition for review is DENIED.

