**Jaime German Lopez ROCCA and Daniel Francisco Lopez Sanchez, Petitioners,**

v.

**Michael MUKASEY, United States Attorney General, Respondent.**

No. 06–74393.

United States Court of Appeals, Ninth Circuit.

Argued July 11, 2008.

Filed Sept. 29, 2008.

192

Robert Bradford Jobe, Esquire, Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioners.

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

Thomas Fatouros, Esquire, Anh–Thu P. Mai–Windle, Senior Litigation Counsel, Oil, Kathryn R. Haun, Office of the Attorney General United States Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FARRIS, SILER * and BEA, Circuit Judges.

MEMORANDUM **

Petitioners Jaime German Lopez Rocca and Daniel Francisco Lopez Sanchez, natives and citizens of Peru, father and son, respectively, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We grant review of Lopez Sanchez's asylum and withholding of removal claims and remand so that the BIA can first consider the particular social group claim. We deny review of the remaining claims.

As an initial matter, the government argues that we lack jurisdiction to review Lopez Sanchez's claims because of his California conviction for possession of marijuana. We have jurisdiction to determine whether jurisdiction exists. *Unuakhaulu v. Gonzales,* 416 F.3d 931, 935 (9th Cir.2005) (citing *Matsuk v. INS,* 247 F.3d 999, 1000–01 (9th Cir.2001)). Title 8 U.S.C., Section 1252(a)(2)(C) provides that

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

"no court shall have jurisdiction to review any final order of removal against an alien who is removable by having committed a criminal offense covered in section 1 182(a)(2)." Section 1182(a)(2)(A)(i)(II) states that an alien is inadmissible if he is convicted of "a violation of (or a conspiracy or attempt to violate) any law or regulation of a State." However, "the jurisdiction-stripping provision in § 1252(a)(2)(C) applies only when—and to the extent that—the agency has found the petitioner to be removable based on one of the enumerated criminal grounds." *Unuakhaulu*, 416 F.3d at 936 (citing *Alvarez–Santos v. INS*, 332 F.3d 1245, 1253 (9th Cir.2003)). Section 1252(a)(2)(C) does not " 'preclude[ ] judicial review of an otherwise reviewable removal order where the record establishes that the individual could have been *but was not ordered removed* for having committed a covered criminal offense.' " *Id.* (emphasis in original) (quoting *Alvarez–Santos*, 332 F.3d at 1250, 1253). The IJ could have found Lopez Sanchez removable based on the marijuana conviction but did not do so. Instead, the IJ denied Lopez Sanchez's claims on the merits. Accordingly, we have jurisdiction to review Lopez Sanchez's claims.

■ Lopez Sanchez argues that his asylum and withholding of removal claims must be remanded so that the BIA can address in the first instance the issue of whether Peruvians with serious, chronic mental disabilities constitute "a particular social group" for asylum and withholding of removal purposes. *See* 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 208.16(b). The government argues that we should address the issue and answer it in the negative. We agree with Lopez Sanchez, and therefore remand to the BIA so that it can consider this issue in the first instance. *See INS v. Orlando Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272

(2002) (per curiam) (holding that the Ninth Circuit committed "clear error" by "disregard[ing] the agency's legally mandated role" and "independently creat[ing] potentially far reaching legal precedent"); *Gonzales v. Thomas*, 547 U.S. 183, 187, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006) (per curiam) (holding a "court of appeals is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry" where the agency had not considered whether a particular family could constitute a particular social group) (internal quotation marks omitted); *see also Ucelo–Gomez v. Gonzales*, 464 F.3d 163, 169 (2d Cir.2006) ("[W]here ... the agency has yet to decide whether a group, a thing, or a situation falls within the ambit of a statutory term, the proper course is for the reviewing court to remand the matter to the agency.").

We deny review of Lopez Sanchez's claim for protection under the CAT. The IJ's finding that it was not more likely than not that he would be tortured if removed is supported by substantial evidence and the record does not compel a contrary conclusion. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006).

We deny review of all of Lopez Rocca's claims. The IJ's adverse credibility finding is " 'based on specific, cogent reasons that bear a legitimate nexus to the finding.' " *Smolniakova v. Gonzales*, 422 F.3d 1037, 1045 (9th Cir.2005) (quoting *Zahedi v. INS*, 222 F.3d 1157, 1165 (9th Cir.2000)). The IJ's decisions that Lopez Rocca failed to establish past persecution on account of a protected ground and that he lacked a well-founded fear of future persecution are supported by substantial evidence. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1169 (9th Cir.2005). Thus, we deny review of Lopez Rocca's asylum and withholding of

removal claims. Finally, we deny review of the claim for protection under the CAT because substantial evidence supports the IJ's conclusion that Lopez Rocca has not shown that it is more likely than not that he would be tortured if removed to Peru. *See Nuru v. Gonzales,* 404 F.3d 1207, 1216 (9th Cir.2005).

Petition **GRANTED** in part and **DE-NIED** in part.