Anton **DODAJ**, et al., Petitioners,

v.

John **ASHCROFT**, Attorney General of the United States, Respondent.

Nos. 03–3287, 03–4497.

United States Court of Appeals, Sixth Circuit.

Sept. 9, 2004.

Before NELSON, SILER, and BATCHELDER, Circuit Judges.

NELSON, Circuit Judge.

This matter comes before us on a petition for review of an order in which the Board of Immigration Appeals declined to reopen certain administrative appellate proceedings. The motion to reopen was filed late, but the petitioner contends that the lateness in filing must be excused because of his lawyer's delay in informing him that his administrative appeal had been dismissed.

Whether or not the filing deadline should be deemed to have been tolled for a period of time, we conclude that the Board was not required to extend any tolling beyond the point necessary to accommodate a litigant prepared to move as expeditiously as possible. On the facts presented here, where the petitioner clearly could have moved more expeditiously, we are not persuaded that the Board abused its discretion in denying the motion to reopen. The petition for review will be denied.

I

The petitioner, Anton Dodaj, is a native of Albania and a citizen of that country, as are his wife and their two sons. The Dodajes entered the United States without inspection in 1999, and removal proceedings followed. Conceding removability, Mr. Dodaj applied for asylum on behalf of himself and his family. He also sought withholding of removal and relief under the Convention Against Torture. An immigration judge denied the application in October of 2000.

Mr. Dodaj appealed to the Board, indicating on the notice of appeal that he intended to file a brief in support of his position. Although an extension of the briefing deadline was granted, Mr. Dodaj's lawyer never filed a brief. The Board summarily dismissed the appeal as a result. See 8 C.F.R. § 1003.1(d)(2)(i)(E), which authorizes the Board to dismiss an appeal summarily if a party fails to file a brief after indicating on the appropriate form that he will do so.

It was September 10, 2001, when the appeal was dismissed. Mr. Dodaj's attorney did not inform his client of the dismissal until June 7, 2002, almost nine months later. Mr. Dodaj hired a new lawyer within a few weeks, and the lawyer promptly requested copies of all relevant files under the Freedom of Information Act ("FOIA"). The records were provided on October 5, 2002. On October 21, 2002, Mr. Dodaj filed a complaint against his former lawyer with Michigan's Attorney Grievance Commission. A month later, on November 22, 2002, Dodaj filed his motion to reopen proceedings before the Board on the basis of ineffective assistance of counsel.

The Board denied the motion on the ground that it had not been filed within 90 days of the dismissal of Mr. Dodaj's appeal, that being the limitations period prescribed by a regulation then codified at 8 CFR § 3.2(c)(2). *Cf.* 8 U.S.C. § 1229a(c)(6)(C). Concluding that Mr. Dodaj had not demonstrated the exercise of

due diligence after he learned of the dismissal, the Board declined to apply the doctrine of equitable tolling. Mr. Dodaj filed a timely petition for review.[1]

## II

■ We must first decide whether this court has jurisdiction to review the Board's denial of the motion to reopen. The government, relying on 8 U.S.C. § 1252(a)(2)(B)(ii), contends that jurisdiction is lacking. We disagree.

Section 1252(a)(2)(B)(ii) of Title 8 provides that

"no court shall have jurisdiction to review ... any ... decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General, other than the granting of [asylum]."

The subchapter in question in Subchapter II of Chapter 12 of Title 8 of the United States Code. Whether we have jurisdiction depends, therefore, on whether Subchapter II of Chapter 12 of Title 8 " specifie[s]" that the granting or denial of a motion to reopen is committed to the Attorney General's discretion. See *Medina–Morales v. Ashcroft*, 371 F.3d 520, 528 (9th Cir.2004) ("[T]he jurisdictional bar in § 1252(a)(2)(b)(ii) applies only to acts over which a statute gives the Attorney General pure discretion ....").

Before 1996 "there was no statutory provision for reopening of a deportation proceeding, and the authority for such motions derived solely from regulations promulgated by the Attorney General" *Id.* (internal quotation marks and brackets omitted). "The Attorney General ha[d] 'broad discretion' to grant or deny" mo-

tions to reopen under this regulatory regime. *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992).

The procedure for reopening removal proceedings was prescribed by statute in 1996, with the enactment in that year of 8 U.S.C. § 1229a(c)(6). But section 1229a(c)(6) speaks only to the content and timing of motions to reopen; it conspicuously fails to specify that the Attorney General's authority over such motions is discretionary. See *Medina–Morales*, 371 F.3d at 528.

It may well be that Congress left discretion to the Attorney General by default, given that the statute prescribes no standards for the granting of motions to reopen. "[D]efault authority," however, "does not constitute the *specification* required by § 1252(a)(2)(B)(ii)." *Id.* As the Ninth Circuit has said,

"[w]e cannot ignore that Congress ... expressly referred to 'authority ... specified under this subchapter to be in the discretion of the Attorney General' at the same time it enacted a first-time provision addressing motions to reopen (§ 1229a(c)), but said nothing about the Attorney General's discretionary authority over such motions." *Id.* at 528–29.

Like the Ninth Circuit, we are unwilling to treat as "specified" that which is manifestly unspecified. In light of the plain language of § 1252(a)(2)(B)(ii), we conclude that the statute does not bar judicial review of Mr. Dodaj's motion to reopen.

## III

Under normal circumstances, at least, Mr. Dodaj's motion to reopen should have

---

1. Mr. Dodaj also moved for reconsideration of the Board's decision. The Board denied the motion, and Mr. Dodaj filed a timely petition for review of the denial. The second petition for review was consolidated with the first and

has been submitted on the same briefs and oral argument. Unless the context indicates otherwise, references in this opinion to a singular petition for review should be understood to embrace both petitions.

been filed within 90 days of September 10, 2001, the day the Board dismissed the appeal for failure to file a brief. But the motion was not filed until November 22, 2002—over 11 months late—and the question the Board faced was whether the late filing should have been excused because of the lawyer's nine-month delay in informing Mr. Dodaj of the dismissal.

Several courts of appeals have held that the 90–day time limit for filing a motion to reopen may be equitably tolled "during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud or error." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003). Mr. Dodaj contends that his attorney's failure, for nine months, to tell him appeal had been dismissed prevented him from filing a timely motion to reopen.

■ Whether the doctrine of equitable tolling can ever apply in the context of motions to reopen removal proceedings appears to be an open question in this circuit. We need not resolve the question here, because if the time to file a motion to reopen did not begin to run until June of 2002, when Mr. Dodaj finally learned of the dismissal of his appeal, or even July of 2002, when he engaged a new lawyer, the motion to reopen could still be deemed untimely.

Mr. Dodaj contends that he could not file a motion to reopen within 90 days of June or July, 2002, because it took longer than 90 days to prepare a proper motion. In *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), the Board held that a motion alleging ineffective assistance of counsel must be supported by (1) an affidavit detailing the alien's agreement with his attorney, (2) proof that the alien has informed the attorney of his allegations and that the attorney has had an opportunity to respond, and (3) a statement as to whether a complaint has been filed with the appropriate disciplinary authority. Mr. Dodaj maintains that he could not know what errors his original lawyer had made, and thus could not satisfy the second and third requirements of *Lozada*, until there had been a thorough review of the records obtained through FOIA on October 5, 2002.

We are not persuaded. Regardless of whether the original lawyer made errors that could only have been discovered by reviewing the government's filed, the critical error for purposes of the motion to reopen was known to Dodaj without the benefit of a FOIA request. On June 7, 2002, upon receiving a copy of the Board's order dismissing his appeal, Mr. Dodaj knew that his lawyer had failed to file a brief. He also knew that the failure to file a brief was the sole reason that the appeal had been dismissed. In these circumstances, it seems to us, Mr. Dodaj could have sent his original lawyer a letter demanding an explanation, could have contacted the Attorney Grievance Commission if no answer were forthcoming, and could have described the situation in an affidavit annexed to a motion filed within 90 days.

The desire of the new lawyer to prepare his case as thoroughly as possible was commendable, no doubt, but deadlines are a fact of life that one ignores at his peril. The Board might well have been more liberal than it was in applying the 90–day rule, but the standard that governs our review of denials of motions to reopen is "abuse of discretion." See *Doherty*, 502 U.S. at 323, 112 S.Ct. 719. On the record before us here, we cannot say that the Board abused its discretion in denying the motion to reopen Mr. Dodaj's appeal.

The petition for review is DENIED.