NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0071n.06
Filed: January 31, 2005

No. 03-4026

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **GJEK CELAJ,** | ) | |
| | ) | |
| *Petitioner,* | ) | **ON PETITION FOR REVIEW** |
| | ) | **OF AN ORDER OF THE** |
| **v.** | ) | **BOARD OF IMMIGRATION** |
| | ) | **APPEALS** |
| **JOHN ASHCROFT,** Attorney General | ) | |
| | ) | |
| *Respondent.* | ) | **O P I N I O N** |
| | ) | |

**BEFORE:    NELSON, COLE, Circuit Judges; SARGUS, District Judge.**[*]

**R. GUY COLE, JR., Circuit Judge.**  This is an appeal from the Board of Immigration Appeals's ("BIA") decision to affirm, without opinion, the decision of an Immigration Judge who denied the Petitioner's application for asylum, protection under the Convention Against Torture , and withholding of removal.  For the reasons discussed below, we **DENY** the petition for review.

**I.  BACKGROUND**

Petitioner is a 41-year-old native and citizen of Albania.  He was the vice-chief of police in Pulka, Albania from 1983 through 1990.  He was then promoted to vice-chief of police of Shkoder, Albania.  In this capacity, Petitioner was in charge of public order and had full responsibility for approximately 300 uniformed police officers.  Several demonstrations took place during Petitioner's

_____

[*] The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

tenure between December 1990 and May 1991. The most significant demonstration took place on April 2, 1991, when approximately 5,000 to 6,000 people gathered to protest the central government of Albania. The central government considered the demonstration illegal by virtue of the fact that the participants had not received permission to protest. The demonstration was also determined to be against the national interests of Albania because it promoted the separation of the district of Shkoder.

Petitioner testified that the demonstrators were violent and that he conferred with the police chief regarding deployment of special police forces. Petitioner authorized the police forces to disperse the crowd by force. By the end of the demonstration, four people had been killed and at least 80 wounded. An investigation into the events involving the demonstration was initiated and Petitioner was charged and tried along with four other individuals, including the police chief and chairman of the regional police branch. Petitioner was convicted of 'assassination by indirect intention' and sentenced to fifteen to twenty years of imprisonment.

Petitioner served only six years of his sentence when he and 1,500 other prisoners escaped on March 13, 1997, following the breakdown of government authority after the collapse of multiple pyramid schemes earlier that year. The Albanian government offered amnesty and reduced prison sentences to all those who had escaped from the prison, but Petitioner did not turn himself into the authorities. Petitioner was smuggled into Italy in October 1997. He then entered the United States on October 23, 1999, with a false passport.

The Immigration Judge denied Petitioner's application for asylum, protection under the Convention Against Torture ("Torture Convention"), and withholding of removal. The Immigration

Judge found that Petitioner was ineligible for these statutory protections because, among other things, he had committed a particularly serious nonpolitical crime which amounted to an aggravated felony. The BIA affirmed the Immigration Judge's determination without opinion.

## II. ANALYSIS

### A. Ineligibility Determination

Under 8 U.S.C. §§ 1158(b)(2)(A), 1231(b)(3), and 8 C.F.R. § 208.16(d)(2), an alien is ineligible for asylum, withholding under the Torture Convention, and withholding of removal, if he has been convicted of a particularly serious crime, or a serious non-political crime outside the United States. Here, the Immigration Judge determined that Petitioner had been convicted by the Albanian courts of assassination by indirect intention, and that this crime constituted a particularly serious crime, as well as a serious non-political crime outside the United States. Thus, the Immigration Judge found that Petitioner was ineligible for statutory relief from removal, and the BIA affirmed this decision. Petitioner asks that we review this ineligibility determination.

As an initial matter, although the parties did not raise the issue of jurisdiction in their initial briefings, we have a duty to consider subject matter jurisdiction *sua sponte* in every case. *Thornton v. S.W. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), which, among other things, stripped the courts of jurisdiction to review certain decisions by the immigration agencies. Of most relevance here, 8 U.S.C. § 1252(a)(2)(B)(ii) provides:

> Notwithstanding any other provisions of law, no court shall have jurisdiction to review . . . (ii) any other decisions or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion

of the Attorney General, other than the granting of relief under section § 1158(a) of this title.

We have previously determined that this jurisdiction-stripping provision applies to "subchapter II of Chapter 12 of Title 8, which covers sections 1151 through 1378." *CDI Info. Serv., Inc. v. Reno*, 278 F.3d 616, 619 (6th Cir. 2002). *But see Hamama v. INS*, 78 F.3d 233, 241 (6th Cir. 1996) (stating that we will defer to the Immigration Judge's determination that a Petitioner was convicted of a "particularly serious crime, where that decision is neither "arbitrary, capricious, or manifestly contrary to statute." However, this case was decided prior to, and therefore did not consider the jurisdiction-stripping provisions of, IIRIRA.).

Thus, while this jurisdiction-stripping provision specifically exempts § 1158(a) (asylum determinations), it does not exempt § 1158(b)(2)(A), or § 1231(b)(3), the provisions which make an alien ineligible for asylum and withholding if it is determined that the alien committed a serious crime. Thus, as to the initial question of whether the alien committed a serious crime, or serious non-political crime outside the United States, we lack jurisdiction to review the BIA's discretionary determination. *See also Matsuk v. INS*, 247 F.3d 999, 1002 (9th Cir. 2001) (finding that the court lacked jurisdiction to determine whether an aggravated felony conviction resulting in a sentence of less than five years was a particularly serious crime); *Spencer Enter., Inc. v. United States*, 345 F.3d 683, 690-91 (9th Cir. 2003). Because we lack jurisdiction to review the BIA's determination that Petitioner was convicted of a serious crime in Albania, we cannot review the determination that he is ineligible for statutory relief in the form of asylum, withholding under the Torture Convention, and withholding of removal.

**B. Deferral of Removal Pursuant to the Torture Convention**

Although we lack jurisdiction to review whether Petitioner should be ineligible for statutory relief, Petitioner posits an alternate remedy. While Petitioner is ineligible for withholding of removal under the Torture Convention because he was convicted of a serious crime, he may still be granted temporary "deferral of removal" (to the proposed country of removal) under the Torture Convention, *see* 8 C.F.R. § 1208.17(a), if he shows that he is more likely than not to be tortured if removed to the proposed country. *See* 8 C.F.R. § 1208.16(c)(2).

Here, the Immigration Judge found that Petitioner failed to establish that he was more likely than not to be tortured if he returned to Albania. We must uphold the factual findings of the BIA and the Immigration Judge, if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 480 (1992). This standard of review for findings of fact does not allow reversal "simply because we would have decided the matter differently." *Mikhailevitch v. INS*, 146 F.3d 384, 388 (6th Cir. 1998). Instead, to overturn the agency's findings, we "must find that the evidence not only supports a contrary conclusion, but compels it." *Klawitter v. INS*, 970 F.2d 149, 152 (6th Cir. 1992).

Regarding the Torture Convention claim, the Immigration Judge found that Petitioner had not established that he would more likely than not be tortured if he returned to Albania. The fact that Petitioner might have to serve the remaining balance of his fifteen-year prison sentence (which was affirmed by the Supreme Court of Albania) was not found to be "torture" by the Immigration Judge. *See* 8 C.F.R. § 208.18 (a)(2)(3) ("Torture does not include . . . [lawful] sanctions that defeat the object and purpose of the Convention Against Torture to prohibit torture."). The Immigration

Judge further determined that there was no evidence that the current government of Albania had any political vendetta against Petitioner. After conducting our own review of the record, we are not compelled to conclude that the Petitioner would more likely than not be tortured if he were to return to Albania. Consequently, we must affirm the Immigration Judge's decision not to defer the removal of Petitioner under the Torture Convention.

## III. CONCLUSION

For the reasons stated above, we hereby **DENY** the petition for review.