RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 25a0103p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

JIN YIN ZHOU,

*Petitioner*,

*v.*

No. 24-3866

PAMELA BONDI, Attorney General,

*Respondent*.

———————————

On Petition for Review from the Board of Immigration Appeals.
No. A 045 723 710.

Decided and Filed: April 23, 2025

Before: COLE, McKEAGUE, and RITZ, Circuit Judges.

———————————

**COUNSEL**

**ON BRIEF:** Blake P. Somers, BLAKE P. SOMERS LLC, Cincinnati, Ohio, for Petitioner. Lindsay Corliss, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————————

**OPINION**

———————————

RITZ, Circuit Judge. The Board of Immigration Appeals denied Jin Yin Zhou discretionary relief from removal under 8 U.S.C. § 1227(a)(1)(H) and ordered her removed. Zhou filed an untimely motion to reopen her removal proceedings. In her motion, Zhou requested equitable tolling of the 90-day deadline and argued that her counsel provided ineffective assistance. The Board denied the motion, holding that Zhou failed to demonstrate the requisite prejudice and due diligence.

Zhou seeks our review of those determinations.  But because we lack jurisdiction over the Board's lack-of-prejudice determination, and because that determination is dispositive of this appeal, we dismiss Zhou's petition for review.

I.

A.

Zhou, a Chinese citizen, married a U.S. citizen in 1996.  In 1997, Zhou entered the United States as a conditional permanent resident, ostensibly to live with her husband in New York.  But not long after her arrival, Zhou began living with her boyfriend in Kentucky and had three children with him.  Zhou never lived with her husband and eventually divorced him in 2001.  Throughout her immigration proceedings, Zhou concealed these facts repeatedly, including when she submitted a petition to remove the conditions of her residence and when she applied for naturalization.

Eventually, United States Citizenship and Immigration Services officials ("USCIS") discovered Zhou's marriage fraud and recommended to the Department of Homeland Security ("DHS") that she be placed in removal proceedings.  DHS served Zhou with a notice to appear in immigration court to answer the charge of removability pursuant to 8 U.S.C. § 1227(a)(1)(A). The notice alleged Zhou sought to procure an immigration benefit by fraud or by willfully misrepresenting a material fact under 8 U.S.C. § 1182(a)(6)(C)(i).

The immigration judge ("IJ") sustained the charge of removability.  But the IJ later granted Zhou's request for relief from removal under § 1227(a)(1)(H), which allows the Attorney General, in his or her discretion, to waive removability as to a noncitizen who committed fraud or willful misrepresentation of a fact, if that noncitizen meets certain conditions, including being "the . . . parent . . . of a citizen of the United States."  8 U.S.C. § 1227(a)(1)(H)(i)(I).  Under the relevant law, this fraud waiver turns on the balancing of so-called "favorable" and "adverse" factors.  *In Re Tijam*, 22 I. & N. Dec. 408, 412-13 (BIA 1998).  The IJ concluded that, despite Zhou's marriage fraud and false testimony, other factors still warranted granting the waiver.  The IJ focused on Zhou's long residence in the United States, her stable employment history, and, in

particular, the fact that her children, one of whom was still a minor, would experience significant emotional and financial hardship if Zhou were removed.

B.

1.

DHS appealed the IJ's grant of the waiver to the Board of Immigration Appeals ("BIA"). Zhou retained her original counsel who had handled the immigration-court proceedings. But unbeknownst to Zhou, her counsel never filed a notice of appearance with the BIA, so he never received the briefing schedule and failed to file a brief on Zhou's behalf.

The BIA reversed the IJ's grant of the waiver and ordered Zhou removed from the United States to China. In doing so, the BIA balanced the relevant factors de novo, which it may do under 8 C.F.R. § 1003.1(d)(3)(ii). The BIA acknowledged the positive factors that the IJ noted but nonetheless concluded that "the serious adverse factor of [Zhou]'s pattern of fraud and false testimony in several immigration matters" outweighed the positive factors. AR 82. In addition to the marriage fraud itself, the BIA underscored Zhou's repeated lies in immigration proceedings over the course of many years. The BIA also noted that Zhou's youngest son was living with his grandparents in New York, and her two older children appeared "self-sufficient" because they were attending college and working part-time. *Id.*

2.

When the BIA issued its decision in April 2022, Zhou contacted her counsel. Her counsel sent a letter to the BIA the following month, requesting that the decision be "set aside[.]" AR 75-76. About 14 months later, in July 2023, her counsel passed away. During those interim months, her counsel did not file anything on Zhou's behalf.

Following her counsel's passing, Zhou retained new counsel. In August 2023, 16 months after the BIA's decision, her new counsel filed a motion to reopen Zhou's removal proceedings, hoping for a chance to reargue the appeal. That motion also requested equitable tolling, as it was filed well past the ordinary 90-day deadline for filing a motion to reopen. 8 U.S.C. § 1229a(c)(7)(C)(i). Zhou based her equitable-tolling request on ineffective assistance of

counsel, arguing that, because her original counsel failed to file a brief, "[her] positive factors were not highlighted." AR 15. She attached to her motion psychiatrist reports concerning her sons' declining mental-health conditions since the IJ's decision. The BIA declined to equitably toll the deadline and denied her motion to reopen as untimely.

Zhou now appeals that denial.

II.

We first identify the precise issues over which Zhou seeks our review. Zhou argues that the BIA erred in denying her motion to reopen her removal proceedings. Where an individual, as here, brings a motion to reopen past the 90-day deadline and seeks equitable tolling on ineffective-assistance grounds, we apply what is known as the *Lozada* test. *See Matter of Lozada*, 19 I. & N. Dec. 637, 638-39 (BIA 1988); *Sako v. Gonzales*, 434 F.3d 857, 863 (6th Cir. 2006).

This test has both procedural and substantive prongs. As for the procedural prong, the individual must satisfy three requirements: (1) the motion should be supported by an affidavit detailing counsel's failings; (2) counsel should be informed of the allegations; and (3) the motion should show that disciplinary charges have been filed with the appropriate authority. *Sako*, 434 F.3d at 863 (citing *Lozada*, 19 I. & N. Dec. at 639). As for the substantive prong, the individual must "show that he or she was prejudiced by the actions or inactions of counsel." *Id.* (citing *In re Assaad*, 23 I. & N. Dec. 553, 556 (BIA 2003)). Specifically, the petitioner "must establish that, but for the ineffective assistance of counsel, he would have been entitled to continue residing in the United States." *Id.* at 864 (collecting cases). "[T]he key to [this] analysis . . . is the effect on the outcome of the underlying claim." *Id.* at 865.

Also, in assessing whether equitable tolling is appropriate, we "generally consider five factors that include: '(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.'" *Mezo v. Holder*, 615 F.3d 616, 620 (6th Cir. 2010) (quoting *Barry v. Mukasey*, 524 F.3d 721, 724 (6th Cir. 2008)). Regarding

due diligence, a noncitizen must "prove that the delay in filing the motion to reopen was due to 'an exceptional circumstance beyond his control.'" *Id.* at 621 (quoting *Barry*, 524 F.3d at 724).

The BIA denied Zhou's motion to reopen on two grounds. First, the BIA held that Zhou failed to establish the requisite *Lozada* prejudice. The BIA considered the additional psychiatrist reports regarding the declining mental-health conditions of Zhou's sons. But as the BIA pointed out, the reports stated that Zhou's older son's "condition remains stable"; he "has not exhibited symptoms of depression"; and he continues to attend regular therapy sessions. AR 3. As for the younger son, the BIA acknowledged that the reports showed his depression had returned due to his mother's immigration problems, and that he would face challenges if his mother were deported to China because he relies on her for emotional and financial support. But ultimately, the BIA concluded that "[t]his additional evidence, considered with the record, would not have changed the result in the case so that her positive factors would outweigh the serious adverse factors of fraud and false testimony." AR 4. In short, Zhou had not been prejudiced by any deficient lawyering because the BIA would have still denied the fraud waiver.

Second, the BIA held that Zhou did not demonstrate due diligence in pursuing her rights. The BIA focused on the fact that "the Board's decision was forwarded to her" and that she still "wait[ed] 14 months before filing the . . . motion [to reopen]." AR 4.

On appeal, Zhou challenges both determinations by the BIA.

III.

Before we reach the merits, we must ensure we have jurisdiction. We begin with the statute. The Immigration and Nationality Act contains a broad jurisdiction-stripping provision. Under § 242(a)(2)(B)(ii) of the Act, codified at 8 U.S.C. § 1252(a)(2)(B)(ii), courts lack the "jurisdiction to review . . . any . . . decision or action of the Attorney General . . . the authority for which is specified . . . to be in the discretion of the Attorney General . . . , other than [asylum]." *See also Rahman v. Bondi*, 131 F.4th 399, 405 (6th Cir. 2025). "We normally recognize only limited exceptions to that jurisdictional bar, based on the [Act]'s general jurisdictional savings provision." *Hernandez-Perez v. Whitaker*, 911 F.3d 305, 315 (6th Cir. 2018) (citing *Ettienne v. Holder*, 659 F.3d 513, 517 (6th Cir. 2011), *abrogated on other grounds*

*by Guerrero-Lasprilla v. Barr*, 589 U.S. 221 (2020)).  This latter provision, also referred to as the jurisdictional "safe harbor," "tells us not to construe any of the jurisdiction-stripping provisions 'as precluding review of constitutional claims or questions of law raised upon a petition for review[.]'" *Rahman*, 131 F.4th at 405 (quoting 8 U.S.C. § 1252(a)(2)(D)).  For us to exercise jurisdiction over the issues here, then, those issues must either fall outside the jurisdiction-stripping provision or fall within the jurisdictional safe harbor.

A.

We first address our jurisdiction to review the BIA's *Lozada* prejudice determination. From a procedural standpoint, we generally maintain jurisdiction to review the BIA's denial of a motion to reopen.  *Dodaj v. Ashcroft*, 109 F. App'x 763, 765 (6th Cir. 2004) (holding that jurisdiction-stripping provision "does not bar judicial review of [petitioner]'s motion to reopen"). Indeed, we have exercised this review authority over the BIA's denial of an untimely motion to reopen where, as here, the petitioner sought equitable tolling on ineffective-assistance grounds. *See, e.g.*, *Scorteanu v. I.N.S.*, 339 F.3d 407, 413-14 (6th Cir. 2003).  We have also done so where, as here, the BIA denied an untimely motion to reopen for failure to show prejudice or due diligence.  *See, e.g.*, *Mezo*, 615 F.3d at 621-22; *Ljucovic v. Gonzales*, 144 F. App'x 500, 503-06 (6th Cir. 2005).

But Zhou's appeal of her motion to reopen presents a novel context.  Namely, the underlying relief Zhou was seeking was a fraud waiver under § 1227(a)(1)(H).  This is an important consideration.  Our binding authorities clearly foreclose judicial review of the BIA's discretionary decision as to this waiver on direct appeal.  *See Al-Saka v. Sessions*, 904 F.3d 427, 431-32 (6th Cir. 2018); *Hussam F. v. Sessions*, 897 F.3d 707, 720 (6th Cir. 2018) (per curiam) ("[A]s a general rule, we lack jurisdiction to review the discretionary component of the BIA's denial of a § 1227(a)(1)(H) waiver." (citing *Singh v. Gonzales*, 451 F.3d 400, 410-11 (6th Cir. 2006))).  We must, therefore, decide whether we have jurisdiction to review the BIA's *Lozada* prejudice determination, where the underlying relief of the motion to reopen involves the discretionary fraud waiver under § 1227(a)(1)(H).  We hold that we do not.

It is helpful to see what review we would conduct *if* we were to exercise jurisdiction, and whether that review would be permissible.  As explained, the BIA denied Zhou's motion to reopen because it found that her original counsel's alleged deficiency did not prejudice Zhou as to her ability to remain in the United States.  That is, even if Zhou's counsel had timely filed a brief and highlighted her children's worsening mental-health conditions, the BIA would have still denied the waiver.  In so reasoning, the BIA reviewed the new psychiatrist reports that Zhou submitted and held that the "serious adverse factors of [Zhou's] fraud and false testimony" throughout her immigration proceedings outweighed the positive factors she identified.  AR 4.

If we were to exercise jurisdiction here, we would need to review the merits of that discretionary determination by the BIA.  That is because the *Lozada* prejudice inquiry requires us to assess whether Zhou's counsel's deficiency would have made a difference *as to* the BIA's denial of the § 1227(a)(1)(H) waiver.  *Sako*, 434 F.3d 865 at ("[T]he key to [the prejudice] analysis . . . is the effect on the outcome of the underlying claim.").  The BIA, after reviewing Zhou's additional evidence and balancing the positive and adverse factors, already concluded that it would not have made a difference.  And we have held such determinations to be a matter of "pure discretion," *Al-Saka*, 904 F.3d at 431-32 (quoting *Singh*, 451 F.3d at 411), and to fall squarely within the scope of the jurisdiction-stripping provision.  *Hussam*, 897 F.3d at 720 ("Congress has stripped our jurisdiction to review the Attorney General's decision to deny a waiver under § 1227(a)(1)(H) . . . .").  We lack the authority to re-do the BIA's discretionary determination that "the factors that weighed against a waiver outweighed those in favor of a waiver." *Al-Saka*, 904 F.3d at 432.

Nor does the BIA's *Lozada* prejudice determination present a legal question preserved for review under the jurisdictional safe harbor.  We have held that the balancing of positive and adverse factors under § 1227(a)(1)(H) "embodies the kind of pure discretion, *unguided by legal standards*, that Congress has expressly precluded aliens from challenging in a petition for review." *Al-Saka*, 904 F.3d at 431-32 (quoting *Singh*, 451 F.3d at 411) (emphasis added). Further, Zhou's argument boils down to the assertion that BIA should have reviewed or weighed the evidence differently.  This claim "essentially questions [the BIA's] exercise of discretion"

and is thus "a factual dispute presented as a [legal] issue." *See Patel v. Garland*, 116 F.4th 617, 624 (6th Cir. 2024). The jurisdictional safe harbor does not cover such a claim.

Put simply, exercising jurisdiction over the BIA's prejudice determination here would put us in the exact same place we would be in if we were impermissibly reviewing the BIA's decision as to the § 1227(a)(1)(H) waiver on direct appeal. We therefore hold that, because we lack jurisdiction to review the BIA's denial of the § 1227(a)(1)(H) waiver on direct appeal, we likewise lack jurisdiction to review the BIA's *Lozada* prejudice determination presented through a motion to reopen, where that review would necessarily lead us to question the BIA's discretionary determination in denying that waiver.

Before we proceed, we emphasize the narrowness of our holding. Specifically, we hold that review of the BIA's denial of a motion to reopen brought on ineffective-assistance grounds is not available, where the petitioner seeks review of the BIA's lack-of-prejudice determination under the *Lozada* test *and* the underlying claim for relief involves the § 1227(a)(1)(H) discretionary waiver. Our holding does not disturb cases in which we exercised jurisdiction over the denial of a motion to reopen, where the potential basis for reversal was something other than the BIA's lack-of-prejudice determination. *See, e.g.*, *Guzman-Torralva v. Garland*, 22 F.4th 617, 620 (6th Cir. 2022) (reviewing BIA's denial of motion to reopen brought on ineffective-assistance grounds for failure to comply with *Lozada*'s procedural requirements); *Mezo*, 615 F.3d at 621-22 (reviewing BIA's denial of motion to reopen brought on ineffective-assistance grounds for lack of due diligence). Likewise, our holding does not disturb cases in which we exercised jurisdiction over the BIA's *Lozada* prejudice determination, where that review inquired into the merits of an underlying claim for relief that—unlike the § 1227(a)(1)(H) waiver—falls outside the jurisdiction-stripping provision. *See, e.g.*, *Sako*, 434 F.3d at 863-66 (reviewing BIA's *Lozada* prejudice determination where underlying relief involved asylum); *Ljucovic*, 144 F. App'x at 504-06 (same); *see also Celaj v. Ashcroft*, 121 F. App'x 608, 611 (6th Cir. 2005) (noting that the "jurisdiction-stripping provision specifically exempts § 1158(a) (asylum determinations)").

As we have observed, "[s]triking the proper jurisdictional balance for motions to reopen is important." *Hernandez-Perez*, 911 F.3d at 315. Our jurisdiction over the denials of motions

to reopen represents a "small safety valve . . . ensur[ing] that the BIA lives by its rules[.]" *Id.* (quoting *Pilica v. Ashcroft*, 388 F.3d 941, 948 (6th Cir. 2004)). But at the same time, we must also ensure that petitioners cannot "make an end-run around the bar to review of their direct appeals simply by filing a motion to reopen." *Id.* (quoting *Ortiz-Cervantes v. Holder*, 596 F. App'x 429, 433 (6th Cir. 2015)). We believe our holding strikes that balance. While preserving the reviewability of the nondiscretionary determinations by the BIA, we choose not to exceed our jurisdictional authority merely because a normally unreviewable issue is presented to us through a motion to reopen.

B.

We next address Zhou's challenge of the BIA's due-diligence determination. As an initial matter, in contrast to the *Lozada* prejudice issue above, the due-diligence issue does not present a jurisdictional bar because this issue does not require us to review the BIA's discretionary balancing of the positive and adverse factors. We have exercised jurisdiction over the BIA's due-diligence determination in the motion-to-reopen context. *See, e.g.*, *Mezo*, 615 F.3d at 620-22; *Pepaj v. Holder*, 321 F. App'x 468, 472-73 (6th Cir. 2009). Had the BIA denied Zhou's motion to reopen solely on the ground that she failed to demonstrate due diligence, the merits of that determination would still be reviewable, even if the underlying relief involved the discretionary waiver under § 1227(a)(1)(H). *See Rahman*, 131 F.4th at 406 (explaining that due-diligence issue constitutes a "mixed question" that "qualif[ies] as [a] 'question[] of law' under the jurisdictional safe harbor" (first quoting 8 U.S.C. § 1252(a)(2)(D); and then citing *Guerrero-Lasprilla*, 589 U.S. at 227-34 (2020))); *see also Flores-Moreno v. Barr*, 971 F.3d 541, 544-45 (5th Cir. 2020) (affirming BIA's due-diligence determination even though underlying relief involved cancellation of removal, which courts lack jurisdiction to review on direct appeal pursuant to 8 U.S.C. § 1252(a)(2)(B)(i)).

But because the BIA also determined that Zhou was not prejudiced under the *Lozada* test, our lack of jurisdiction over that determination is dispositive of her appeal. Zhou contends that her supposed due diligence in pursuing her rights provides an independent basis for reversal. Our case law, however, shows otherwise.

We have suggested that, irrespective of a petitioner's due diligence, a showing of prejudice under the *Lozada* test is still necessary for equitable tolling to apply to an untimely motion to reopen brought on ineffective-assistance grounds. *Mezo* is instructive. There, a petitioner filed an untimely motion to reopen with the BIA on ineffective-assistance grounds. *Mezo*, 615 F.3d at 619. The BIA declined to apply equitable tolling solely on the ground that the petitioner failed to show due diligence. *Id.* at 621. We reversed that determination. *Id.* at 622. But instead of reversing the denial of the motion to reopen, we still remanded, instructing the BIA: "*If* . . . [the petitioner] demonstrates prejudice as a result of the ineffective assistance, [then] equitable tolling would apply, [and] the motion to reopen would be timely . . . . If not, equitable tolling would not apply . . . ." *Id*. (emphasis added). Thus, an individual must show *both Lozada* prejudice *and* due diligence to be entitled to equitable tolling. *Id.* at 620 ("[W]e have declined to equitably toll the time period for filing motions to reopen for two reasons: (1) where the petitioner failed to establish prejudice from former counsel's untimely appeal . . . and (2) where the petitioner failed to exercise diligence in pursuing his rights." (first citing *Scorteanu*, 339 F.3d at 413; and then citing *Barry*, 524 F.3d at 725)).

Here, the BIA already held that Zhou failed to show the requisite prejudice. And we must accept that determination as we lack jurisdiction to review it. As a result, the merits of the BIA's due-diligence determination would not change the outcome as to Zhou's motion to reopen. Therefore, we need not address the BIA's due-diligence determination.

IV.

We dismiss Zhou's petition for review.